Merrimack,
No. 5482.

Ivy Young Kelley *v.* Hopkinton.

Argued May 5, 1966.
Decided June 30, 1966.

*Robert D. Branch* ( by brief and orally ), for the plaintiff.

*Upton, Sanders & Upton* and *William B. Cullimore* ( *Mr. Cullimore* orally ), for the defendant.

Blandin, J. The question presented is whether the defendant's motion to dismiss the appeal was properly granted. The record discloses that within the limits of the town of Hopkinton there are two village districts: Hopkinton village precinct, which encompasses the village of Hopkinton, and Contoocook fire precinct, which encompasses the village of Contoocook. Considerable portions of the town of Hopkinton territory are not a part of either precinct.

By chapter 359, Laws 1959, the Legislature granted zoning powers to both the Hopkinton village and the Contoocook fire

precincts. Pursuant to a warrant, at a duly called meeting of the voters of Hopkinton village precinct, the ordinance in question in this case was adopted. The zoning board of adjustment involved here was appointed by the commissioners of the Hopkinton village precinct. The Contoocook fire precinct has never elected to adopt the special zoning powers granted by chapter 359, Laws 1959.

Subsequent to the adoption of the zoning ordinance by the village precinct, the town of Hopkinton adopted a zoning ordinance which covers all territory in the town except the territory within the village precinct. The town of Hopkinton has its own separate zoning board of adjustment.

Although the plaintiff has served her appeal upon the town, it is not a proper party. The permit to Hopkinton Associates, Inc., upon which the plaintiff bases her case, was granted by the zoning board of adjustment of Hopkinton village precinct, which is a separate "body corporate and politic" by virtue of RSA 52:1-13. The village precinct is not an agency of the town of Hopkinton, for whose actions the town is responsible but rather "within the limits of the powers conferred upon it, it [the village precinct] may be deemed to be a town." *Canaan* v. *District*, 74 N. H. 517, 523. In short, Hopkinton village precinct is, in and of itself, a distinct legal entity, separate from the town. *Union School District* v. *District*, 71 N. H. 269, 270; *Canaan* v. *District, supra*; see also, *Amyot* v. *Caron*, 88 N. H. 394; *Wadleigh* v. *Manchester*, 100 N. H. 277, 278. Since this is so, an action against the town of Hopkinton in the circumstances here was not in any legal sense an action against the Hopkinton village precinct.

This is not a case where service was made upon the corporate party which had allegedly invaded the plaintiff's rights and such party has been misnamed in the writ by an inaccurate or incomplete description, as was the situation in *Bourget* v. *Company*, 97 N. H. 193, 194. Were this so, an amendment would have been proper. On the contrary, the defendant town of Hopkinton was sued by its correct name and no issue is raised as to the service having been made upon the proper town officials. However, neither it nor its zoning board had committed the action of which the plaintiff complains. Were the plaintiff to be allowed to continue with her suit against the town, and should she prevail, the defendant town would have no power to obey the order of the Court, since its zoning powers do not extend to the territory within Hopkinton village precinct, and the Legislature has given

the town no power to act within the territory of Hopkinton village precinct.

The plaintiff in effect is asking that she be allowed to proceed against a party upon whom she has served the appeal but against whom she has no cause of action. The mere fact that, as the plaintiff claims, no one has been misled because the wrong party was sued, affords no legal basis for continuing the action against the town. The case of *Mater* v. *Dover*, 97 N. H. 13, upon which she relies as showing that the precinct may be cited in to defend, is sharply distinguishable from the situation before us. In the *Mater* case, the action of which the plaintiff complained was that of the zoning board of adjustment of the city of Dover. We said that the proper party defendant was the city of Dover, and we so considered the case. *Id.*, 13. The reason for this was that the zoning board of adjustment of Dover was acting for the city. *Stone* v. *Cray*, 89 N. H. 483, 484. In the case which we now decide, the zoning board of adjustment of the Hopkinton village precinct was not acting for the town of Hopkinton which, as previously stated, was a separate legal entity from the precinct.

It follows that neither the *Mater* decision nor the opinions in *Kearney* v. *Hazelton*, 84 N. H.228, and *Stone* v. *Cray*, 89 N. H. 483, which the plaintiff cites and which involve situations similar to *Mater*, support her position.

The order is

*Petition dismissed as to the town of Hopkinton.*

All concurred.