Merrimack,
No. 5638.

IVY YOUNG KELLEY

*v.*

HOPKINTON VILLAGE PRECINCT.

Argued June 7, 1967.
Decided June 30, 1967.

*Robert D. Branch* ( by brief and orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier* ( *Mr. Ransmeier* orally ), for Hopkinton Village Precinct.

DUNCAN, J. RSA 31:77 provides for appeal from the decision of a zoning board of adjustment "by petition to the superior court" within thirty days after final action by the board. RSA 31:80 directs: "Upon the filing of an appeal, the clerk of court shall issue an order of notice requiring a certified copy of the record appealed from to be filed with the court." The statute permits interested parties to appear, and provides that "the court may order such persons to be joined as parties as justice may require." RSA 31:79. However it imposes no requirement of notice to any party in advance of the filing of the appeal, and it is settled that the municipality rather than its board of adjustment is the proper party defendant. *Mater* v. *Dover*, 97 N. H. 13, 16; *Boston & Maine R. R.* v. *State*, 77 N. H. 437.

"An appeal is a continuance of the original suit, for the purpose of obtaining a new trial and a new judgment." *Bickford* v. *Franconia*, 73 N. H. 194, 195. In order to transfer the cause to the Superior Court, the plaintiff was required to do no more than to seasonably file her appeal. RSA 31:77, *supra*. See also, RSA 541:6-10. Hence the circumstances differed materially from those before the court in *Lewis* v. *Hines*, 81 N. H. 24, and *Peabody* v. *O'Leary*, 102 N. H. 496 relied upon by the defendant, where the action contested was held to constitute the beginning of an original suit. The plaintiff's appeal adequately set out the action of the zoning board of the precinct, and it is undisputed that it was filed within the statutory period of thirty days. RSA 514:3 provides: "If no personal service has been made on a defendant in an action which may be entered without such service the court, on suggestion thereof, may order the action to be

continued and notice of the pendency thereof to be given . . . by personal service or otherwise, as they think proper . . . ." We consider the provisions of this statute to be applicable to this case.

Upon seasonable filing of the appeal the Superior Court was vested with jurisdiction of the subject matter. The fact that the order of notice first issued was erroneously directed to the town rather than the precinct did not operate to divest the Court's jurisdiction, even though notice to the precinct remained to be given. *Opie* v. *Board of Appeals of Groton*, 349 Mass. 730, 733.

Under a comparable statute, it was so held in *Appeal of Raoul Maurice*, 117 Vt. 264. In remanding a zoning appeal for a new order of notice, the Court there said: " The purpose . . . of a notice or citation in appeal cases is to give the appellee notice so that he may appear if he desires . . . [I]t is not jurisdictional of the cause . . . If the notice is faulty it may be treated as a nullity and the matter stands as though no notice was given . . . [A]fter an appeal is entered, notice . . . may be given at any reasonable time . . . . " *Id.*, 269. See also, *Cohen* v. *Board of Registration in Pharmacy*, 347 Mass. 96; *Shulman* v. *Zoning Board of Appeals*, 143 Conn. 182; *In re Marineau*, 118 Vt. 261.

Since the statute does not require that notice of the appeal be given within the statutory period of thirty days ( RSA 31:77 ) the motion to dismiss was erroneously granted. The order dismissing the appeal is vacated, and the appeal remanded to the Superior Court for hearing on its merits.

*Exception sustained; remanded.*

GRIFFITH, J., did not sit; the others concurred.