INHABITANTS OF the TOWN OF BOOTHBAY HARBOR

v.

**Joseph M. RUSSELL, Jr.**

**Joseph M. RUSSELL, Jr.**

v.

**Elbridge GILES et al.**

**Joseph M. RUSSELL, Jr.**

v.

**Clive FARRIN.**

Supreme Judicial Court of Maine.

Jan. 30, 1980.

Perkins & Perkins by James Blenn Perkins, Jr., Boothbay Harbor (orally), for plaintiff.

Bernstein, Shur, Sawyer & Nelson by Geoffrey H. Hole (orally), F. Paul Frinsko, Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

McKUSICK, Chief Justice.

These three actions, heard together in the Superior Court (Lincoln County) and on this appeal, concern a "picnic deck" that appellant Russell (hereafter "landowner") caused to be built on his shorefront property in Boothbay Harbor. On June 23, 1977, the landowner's contractor applied to Mr. Farrin, the town's building inspector, for a permit to build the deck within 75 feet of the shore. The following day Farrin notified the landowner personally of his refusal to grant a permit on the ground that the deck, being in his view a "structure", would be in violation of the town's shoreland zoning ordinance.[1] Despite the refusal of a building permit, and within ten days of that decision, the landowner constructed the "picnic deck" on his property, within 20 feet of the shore.

On July 8, 1977, the building inspector, pursuant to his authority under the zoning ordinance,[2] notified the landowner of the violation, ordered him to remove the structure, and threatened court action for noncompliance with that order. By agreement with the town manager, further action by the town was stayed pending the landowner's appeal to the Zoning Board of Appeals.

After a hearing, at which the landowner was given a full opportunity to be heard, the board affirmed the building inspector's action. The landowner then instituted in the Superior Court an appeal from the board's decision, purporting to be taken pursuant to M.R.Civ.P. 80B, naming as defendants the members of the Zoning Board of Appeals in their official capacities. In a separate action, also purportedly under Rule 80B and naming as defendant the town building inspector, the landowner sought "a determination that the action taken by the Building Inspector . . . is void and of no effect." Later, in a third action, the town brought a complaint for injunctive relief and damages, seeking (1) an order that the landowner remove the structure and (2) the imposition of a fine of $50 per day, as provided in the zoning ordinance.

The central questions before the Superior Court justice were whether the "picnic deck" existed in violation of the zoning ordinance and, if so, whether it was proper for the court, exercising its equity jurisdiction, to order removal of the deck. On the basis of a voluminous record that included a dozen depositions, the case was submitted to the court on the motion of all parties without an evidentiary hearing. Finding the cases appropriate for summary judgment, see M.R.Civ.P. 56(c), the court ordered the landowner to remove the deck within three weeks and to pay a fine of $1,000 to the town.

On appeal from all three judgments entered against him, landowner Russell raises a number of arguments, all of which we find to be without merit. Therefore, he must forthwith comply with the Superior Court's order of February 8, 1979.

In order to analyze the multiple issues and arguments involved in the resolution of this appeal, we find it useful in this opinion

1. The Revised Zoning Ordinance of the town of Boothbay Harbor, art. VIII, § C(8)(a) provides: "There shall be a set-back of 75 feet from the normal high water mark for all structures . . . ." Nowhere in the ordinance is the term "structure" defined.

2. Article XI, entitled "Enforcement", provides in pertinent part:
   B. **Administration:** The Board of Selectmen shall annually . . . appoint a person to the position of Code Enforcement Officer who shall have the duty of administering this Zoning Ordinance. The Code Enforcement officer shall also perform the duties of Building Inspector.

C. **Powers and Duties:** The Code Enforcement Officer shall have the following duties:

2. Act upon building applications.

6. Issue violation notices.
7. Participate in Appeals procedures.
8. Appear in Court when necessary.

D. **Violations:** If the Code Enforcement Officer shall find that any of the provisions of this Code are being violated, he shall notify . . . the person(s) responsible for such violations . . . . He shall order discontinuance of illegal use of land, buildings, or structures . . . .

to deal with each action separately, beginning with the town's enforcement action for injunctive relief and imposition of a fine.

### The Action by the Town

■ In *Inhabitants of the Town of Boothbay Harbor*[3] *v. Joseph M. Russell, Jr.,* docket number CV–77–124, we quickly dispose of the landowner's principal contention, that the deck was not such a "structure" as is proscribed by the town shoreland zoning ordinance. The deck—a platform 24 by 27 feet in size, enclosed by a wooden railing, constructed of $1,000 worth of lumber and other materials, and anchored to the land by concrete—obviously comes within the intendment of the ordinance that prohibits, with limited exceptions not here pertinent, "all structures" within 75 feet of the normal high water mark. To hold that a substantial deck, permanently affixed to the land and costing about $2,500 to construct, is not a "structure" would fly in the face of the common everyday meaning of the term. Everything that can be gleaned from the declared purposes of shoreland zoning—*e. g.,* to "control building sites, placement of structures and land uses; and conserve shore cover . . . and natural beauty," 12 M.R.S.A. § 4811 (1974)—overwhelmingly confirms that the ordinance draftsmen intended the term "structure" to carry its customary meaning.

■ After careful scrutiny of the whole record before us, we find nothing even remotely raising a genuine issue as to any invalidity or impropriety in the adoption of the ordinance on the part of any of the town or state officials involved. The legislature's authorization and direction to municipalities to establish shoreland zoning ordinances pursuant to 12 M.R.S.A. §§ 4811–14 (1974; Supp.1979) is not essentially different from general zoning authorized for many years by 30 M.R.S.A. §§ 4961 *et seq.* and 1917 (1978) and their predecessors, and there is nothing unconstitutional in its delegation of those legislative powers to local legislative bodies. Landowner Russell's claim to the contrary is not supported by our cases (upon which he exclusively relies) that find an unconstitutional delegation of legislative authority to administrative agencies. *See, e. g., Waterville Hotel Corp. v. Board of Zoning Appeals,* Me., 241 A.2d 50 (1968).

■ We next consider the appropriateness of the entry of an injunctive order on the motion for summary judgment. Because of the very special circumstances present in the instant case, in which, after the landowner was afforded a full opportunity to present affidavits and legal arguments, there existed no genuine issue as to any material fact bearing *either* on the underlying violation *or* on the equities to be taken into account by the justice in deciding whether to issue an injunction, we affirm the action taken here.

This holding must not be taken as our approval of the statement in *City of Lewiston v. Grant,* 120 Me. 194, 201, 113 A. 181, 185 (1921), in which the Law Court said, in regard to an order to tear down a building erected contrary to an ordinance, which the statute declared to be a nuisance,

the Legislature has made a declaration to which no latitude of discretion on the part of the court is allowed.

Rather, we agree with what was much more recently said in *Natale v. Kennebunkport Board of Zoning Appeals,* Me., 363 A.2d 1372, 1377 n. 9 (1976):

---

**3.** We note the hoary validity of the practice in Maine of designating a town, when a party to a civil action, as the "inhabitants of" that town. The enumeration in M.R.Civ.P. 4(d)(5) of the persons upon whom service may be made in a suit against a town, which rule simply refers to the town, is not to be taken as indicating a change in the traditional way of naming that party. In any event, the designation of a town simply as such, without the words "inhabitants of," *see, e. g., Town of Kittery v. Hoyt,* Me., 291 A.2d 512 (1972) (action by town to enjoin violation of zoning ordinance), would at most be a nonsubstantive misnomer. *Cf. Inhabitants of the City of Biddeford v. Benoit,* 128 Me. 240, 243, 147 A. 151, 153 (1929). *See also* 30 M.R.S.A. § 1902 (1978) ("residents of a municipality are a body corporate which may sue and be sued"), enacted by P.L.1957, ch. 405, § 1, to supersede R.S.1954, ch. 91, § 1 ("inhabitants of each town are a body corporate, capable of suing and being sued").

One having a cause of action against another is not thereby *automatically* entitled to an injunction as a matter of right, since an evaluation of all of the facts material to an appropriate balancing of the equities might show that resort to the remedy of injunction might be unduly harsh in all the circumstances.

(Emphasis in original)

In the case at bar, accepting the above as the binding law, the question is whether, after it is established from the pleadings and affidavits that a violation has occurred and other circumstances appear, such as the willful construction of the deck without a permit, there remains any genuine issue of fact—as distinguished from arguments—bearing upon how discretion should be exercised. None appeared from the ample record that was before the Superior Court justice, and counsel in his argument before this court tendered nothing to refute that conclusion. While it may generally be the case that the granting of equitable relief on summary judgment is a rare occurrence, under the special circumstances of this case there was nothing improper about the issuance of the order to remove the deck.[4]

Questions are raised concerning the $1,000 fine imposed by the Superior Court for the benefit of the town. It is suggested that, in light of (i) 17–A M.R.S.A. § 4–A(4) (1979), denominating as a "civil violation" any conduct proscribed by statute or ordinance that is not punishable by imprisonment, (ii) 17–A M.R.S.A. § 4(3), providing for enforcement of civil violations, and (iii) District Court Civil Rule 80H, providing procedures applicable to such enforcement proceedings, the Superior Court had no jurisdiction to impose the fine requested in the town's complaint.

The Maine Criminal Code, 17–A M.R.S.A., purports neither to confer exclusive jurisdiction of civil violations on the District Court nor to divest the Superior Court of such jurisdiction, which it continued to ex-

ercise by virtue of its general grant of jurisdiction in civil actions, 4 M.R.S.A. § 105 (1979), even after the Code became effective on May 1, 1976. There is nothing in the applicable statutes relative to civil violations comparable to 29 M.R.S.A. § 2302 (1978), which gives the District Court exclusive jurisdiction over traffic infractions. Section 4(3) of the Code has always provided that civil violations "are enforceable by the Attorney General, his representative or any other appropriate public official in a civil action to recover what may be designated a fine, penalty or other sanction . . . ." Nothing in the rule changes occurring since the Code's enactment throws any doubt on the jurisdiction of both the Superior Court and the District Court to entertain such civil actions.

■ To implement section 4(3) of the Code, the Supreme Judicial Court in its rulemaking function promulgated M.R. Civ.P. 80H, effective November 15, 1976, to provide a summary civil procedure in the Superior Court for the enforcement of civil violations designated as such in a statute. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* 117–21 (Supp.1977). A similar rule was made applicable in the District Court. *Id.* at 210–11. Effective on October 24, 1977, coincident with the effective date of an amendment of sections 4(3) and 4–A(4) of the Code to encompass civil violations under ordinances, the court promulgated a detailed D.C.Civ.R. 80H, prescribing special rules for District Court proceedings on civil violations as so broadened in definition. *Id.* at 265–72. At the same time, the Supreme Judicial Court abrogated M.R.Civ.P. 80H, "because it is conceived that *as a practical matter* there will be no occasion to invoke Superior Court jurisdiction in civil violation proceedings." (Emphasis added) *Id.* at 265. Of course, the Supreme Judicial court by abrogating the Superior Court Rule 80H could not limit the continuing jurisdiction of the Superior Court. *See* M.R.Civ.P. 82.

4. During the pendency of this appeal, the date specified in the decree for removal of the structure has long since passed. Therefore, our mandate directs amendment of the decree to

allow the landowner the same time period within which to remove the structure as was granted by the Superior Court.

Although that abrogation had the effect that *summary proceedings* are no longer available in the Superior Court, it did nothing to alter the availability in that forum of *plenary proceedings* under the usual civil rules applicable in any civil action. The Advisory Committee's Note commenting upon the abrogation of Rule 80H states:

> Abrogation of the present rule means that there is now no procedure available for bringing summary proceedings upon civil violations in the Superior Court. Abrogation should not be understood, however, as reflecting any determination of the question whether there may be Superior Court jurisdiction of civil actions upon civil violations, either in plenary proceedings under the Rules of Civil Procedure or in summary proceedings if the Supreme Judicial Court should again provide for such proceedings by special rule.

2 Field, McKusick & Wroth, *supra* at 265.

■ The provision in the zoning ordinance [5] that all fines "shall inure to the Town of Boothbay Harbor" is entirely permissible under the enabling legislation, 30 M.R.S.A. ch. 201–A, §§ 1911 *et seq.* (1978),[6] which implements the home rule powers granted municipalities by the Maine Constitution, art. VIII, pt. 2, § 1 (Supp.1979), and under 12 M.R.S.A. § 4812 (1974), which specifically authorizes shoreland zoning "pursuant to presently existing enabling legislation." The home rule power is at least as broad as the police power under 30 M.R.S.A. § 2151 (1978), which for many years has authorized municipalities to impose by ordinance fines recoverable for their own benefit. Joinder in a single enforcement proceeding of the town's civil action to collect the fine and its claim for injunctive relief was appropriate under M.R.Civ.P. 18. Furthermore, notwithstanding the provision that civil violations "are enforceable by the Attorney General, his representative or any other appropriate public official," 17–A M.R.S.A. § 4(3), the town, as the public body to which the fine inured, could also properly sue in its own name to recover it. The quoted provision in section 4(3), which by its terms applies only to civil violations so designated by statute, is, when applied to ordinance violations,[7] at most directory and nonexclusive and cannot be construed as prohibiting a suit by the very public body for whose benefit the fine is recoverable.

### *The Action against the Zoning Board of Appeals*

■ In *Russell v. Giles et al.*, docket number CV–77–102, we hold, contrary to the long-standing and largely unquestioned practice in this state, that the zoning board of appeals of a municipality is not a proper party to an appeal in the Superior Court from its own decision. Analysis of the statutes governing that quasi-judicial body, 30 M.R.S.A. §§ 2411 & 4963, and of the town zoning ordinance, particularly those provisions defining the scope of the board's jurisdiction and powers, leads to the conclusion that the proper parties defendant in cases like the one at bar are either the municipal officers or the building inspector. The landowner having thus failed to bring any proper party defendant before the Superior Court, his complaint should have been dismissed.

---

5. Art. XI, § E of the Boothbay Harbor Revised Zoning Ordinance provides:

    **E. FINES:** Any person, firm or corporation being owner of or having control or use of any building or premise, who violates provisions hereof, shall be fined not more than $50.00 for each day such violation is permitted to exist after notification thereof. All fines collected hereunder shall inure to the Town of Boothbay Harbor.

6. 30 M.R.S.A. § 1917 (1978) provides comprehensively: "Any municipality may, by the adoption, amendment or repeal of ordinances or bylaws, exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication, and exercise any power or function granted to the municipality by the Constitution, general law or charter."

7. 17–A M.R.S.A. § 4–A(4) provides:

    If a criminal statute or *criminal ordinance* outside this code prohibits defined conduct but does not provide an imprisonment penalty, it is hereby declared to be a civil violation, *enforceable in accordance with the provisions of section 4, subsection 3.*
    (Emphasis added)

Nowhere in the statutes dealing with municipal zoning boards of appeals does the legislature specify who shall be named as defendants in an 80B action,[8] nor does the zoning ordinance with which we are here concerned provide an answer to that question.[9] Some courts in other jurisdictions have held that a zoning board of appeals, as an agency of the municipality, represents the public interest in the enforcement of zoning regulations and should therefore represent the municipality in appeals taken from its decisions. *E. g., Benes v. Jefferson County Bd. of Adjustment*, 36 Colo.App. 131, 537 P.2d 753 (1975); *Zoning Bd. of Adjustment of New Castle County v. Dragon Run Terrace, Inc.*, 216 A.2d 146 (Del. 1965); *Rommell v. Walsh*, 127 Conn. 16, 15 A.2d 6 (1940). Other courts, rejecting the agency theory, have held that the municipality rather than its board of appeals is the proper party to such an appeal. *E. g., Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 231 A.2d 269 (1967); *A. Di Cillo & Sons, Inc. v. Chester Zoning Bd. of Appeals*, 158 Ohio St. 302, 109 N.E.2d 8 (1952); *Miles v. McKinney*, 174 Md. 551, 199 A. 540 (1938). In *Di Cillo & Sons*, the Ohio Supreme Court, construing a statutory scheme markedly similar to our own, noted that the board was expressly not made a party before itself. Conceding the argument that the board represented the public interest in its decisionmaking process, the court held that "it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on appeal to a court." 158 Ohio St. at 305, 109 N.E.2d at 10.

The reasoning of *Di Cillo & Sons* is fully applicable to the case at bar. Although the Boothbay Harbor Zoning Board of Appeals serves the public interest, it accomplishes that end in its adjudicatory function—by rendering decisions impartially in the controversies within its limited jurisdiction. It has no responsibility for enforcement as such. Section 4963(1) provides that the board "is established . . . *for the purpose of hearing appeals*" (emphasis added). Section 2411(4), which echoes that purpose, specifically withholds from the board "jurisdiction over any matter unless the municipality has by ordinance specified the precise subject matter that may be appealed to the board." Various provisions in section 2411(2) are aimed at ensuring the impartiality of the board's members. The Boothbay Harbor ordinance itself confirms the exclusivity of the board's adjudicatory function.

On the other hand, the duty of enforcing zoning regulations in Boothbay Harbor is affirmatively reposed in the town officers, and the ordinance directs them to appoint a "Code Enforcement Officer" (who is also the building inspector), giving that officer specific powers to administer and to enforce its provisions. The ordinance further ensures in a number of provisions that both the town manager *and* the town official or agency whose decision is being challenged in appeals before the board are made participants in every stage of the proceedings. Absent a positive legislative grant of authority to the board to defend its decisions on appeal, and finding every indication to the contrary in the statutes and in the ordinance, we hold that the board is not a proper party defendant to appeals from its decisions to the Superior Court. *Cf. Assessors, Town of Bristol v. Eldridge*, Me., 392 A.2d 37 (1978) (assessors of a town not proper party to appeal from abatement decision by county commissioners). The

8. 30 M.R.S.A. § 4963 (1978), which designates the parties to proceedings before zoning boards of appeal, provides in part:

    **4. Parties.** The Board shall reasonably notify of any hearing, the petitioner, the planning board, agency or office [charged with enforcing the zoning ordinance] and the municipal officers and such persons shall be made parties to the action.

As to whether the zoning board may be a defendant to an appeal from its own decision,

the absence of the board from the enumeration of "parties" in subsection 4 is inconclusive, since it is quite reasonable that the legislature would not name the zoning board a party to an action before itself.

9. Art. XII, § B provides:

    Any appeal denied by the Zoning Board of Appeals may be appealed to the Superior Court in accordance with the Maine State Rules of Civil Procedures [sic], Rule 80B.

town's interest is properly represented in that forum by the same party that appeared in its behalf before the zoning board —here, the building inspector.

Although any action brought only against a municipal zoning board of appeals must be dismissed, we note that in any pending or future litigation where the same error is made, amendment of the complaint will ordinarily be available under M.R.Civ.P. 15(c) to allow the plaintiff to join the proper party defendant. In the instant case, however, even if amendment had been permitted, the merits of the 80B action would be disposed of adversely to plaintiff Russell by our affirmance of the injunction in CV–77–124.

*The Action against the Building Inspector*

In *Russell v. Farrin,* docket number CV–77–103, landowner Russell sought review of the building inspector's July 8, 1977, order that he, Russell, remove the deck from his property. From the foregoing analysis it would appear reasonable to assume that this complaint, captioned "Complaint for Review of Governmental Action under Rule 80B" and naming as defendant the town's enforcement agent, was effective to invoke the jurisdiction of the Superior Court. Examination of the complaint, however, reveals that it also should have been dismissed.

In his complaint in this action, Russell did not plead the prior decision of the Zoning Board of Appeals affirming the denial of a building permit for the picnic deck. Rather, he sought *direct review* by the Superior Court of the building inspector's order to remove the deck. As provided in the ordinance,[10] that order was appealable only to the board, which 30 M.R.S.A. § 4963(1) (Supp.1979) establishes for the express purpose of hearing such appeals. *See Fletcher v. Feeney,* Me., 400 A.2d 1084 (1979). In any event, our holding in the town's enforcement proceeding that the deck was a "structure" forbidden within

75 feet of the shore establishes that the building inspector was entirely correct in denying the permit.

The entry shall be:

*In CV–77–124* :

Appeal of Joseph M. Russell, Jr., denied.

Judgment of the Superior Court modified to substitute for "March 1, 1979" the date "February 20, 1980" and, as so modified, affirmed.

*In CV–77–102 and CV–77–103* :

Appeals of Joseph M. Russell, Jr., dismissed.

Remanded to the Superior Court for entry of an order dismissing the complaints.

---

10. Art. XII, § B provides: "Appeals shall be from decisions of the Code Enforcement Officer to the Board of Appeals  .  .  .  .."