Herbert C. NISBET

v.

Bernard C. FAUNCE

and

State of Maine, Board of Overseers
of the Bar.

Supreme Judicial Court of Maine.

Argued March 4, 1981.

Decided July 23, 1981.

Nisbet, MacNichol & Ludwig, Francis M. Jackson, South Portland (orally), for plaintiff.

Sunenblick, Fontaine & Reben, Thomas L. Bohan (orally), M. Elaine Patrick, Howard T. Reben, Portland, for Faunce.

Board of Overseers of the Bar, Michael E. Barr, Augusta (orally), for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ.

* GLASSMAN, J., sat at oral argument and in the initial conference but died prior to adoption of this opinion.

GODFREY, Justice.

On May 27, 1980, Nisbet, an attorney, filed in Superior Court a complaint against his client, Bernard Faunce, and the Board of Overseers of the Bar. The first count of that complaint contained the following allegations: A dispute had arisen between Faunce and Nisbet concerning the amount of a legal fee. Faunce had submitted to the Fee Arbitration Commission of the Board of Overseers a petition to submit the dispute to arbitration. Before Nisbet had filed an answer to the petition, Faunce had "moved to withdraw it." After Nisbet had answered the petition, the Commission notified him that it had allowed Faunce to withdraw the petition. Nisbet objected to that withdrawal and requested the Board of Overseers to review the Fee Arbitration Commission's decision. On April 29, 1980, the Board informed Nisbet that it was the Board's policy that under the circumstances of the case the petition for fee arbitration could be withdrawn. For relief, Nisbet requested the Superior Court to review the Board's policy decision pursuant to M.R. Civ.P. 80B and to remand the matter for a fee arbitration hearing.

In the second count of the complaint Nisbet alleged that he and Faunce had entered into a contingent fee agreement and that Faunce had challenged the reasonableness of that agreement. Relying on Rule 8(f) of the Maine Bar Rules, Nisbet requested that the Superior Court secure the appointment of a Superior Court justice to review the reasonableness of the contingent fee agreement.

Bar Counsel filed a motion to dismiss Nisbet's complaint on the ground, among others, that it failed to state a claim against the Board upon which relief could be granted. Thereafter Faunce moved to dismiss Nisbet's complaint on the grounds that it failed to state a claim upon which relief could be granted and that the court lacked subject-matter jurisdiction. At what purported to be a hearing on Bar Counsel's

motion to dismiss, all parties appeared by counsel and argued both motions.

On August 8, 1980, the Superior Court justice issued an order granting both defendants' motions to dismiss under M.R. Civ.P. 12(b)(6) on the ground that neither count in Nisbet's complaint stated a claim on which relief could be granted. Concerning the first count, the court ruled that any further action by the Board of Overseers was rendered moot by Faunce's timely withdrawal of his petition for fee arbitration; on the second count, the court determined that it had no jurisdiction to procure appointment of a justice of the Superior Court to review the reasonableness of Nisbet's contingent fee agreement with Faunce. We affirm the judgment, though on a somewhat different ground with respect to the first count.

### I. The Board of Overseers as a Party

As a threshold matter, the Board of Overseers of the Bar argues that it was not a proper party to Nisbet's suit. Citing the opinion of this Court in *Inhabitants of the Town of Boothbay Harbor v. Russell*, Me., 410 A.2d 554 (1980), the Board argues that an administrative body, such as itself, that serves only to adjudicate disputes impartially cannot be made a party to an action challenging one of its decisions. While the Board has properly interpreted our holding in *Russell*, the argument misconceives the Board's status in the present litigation.

In *Russell*, the plaintiff was challenging a Zoning Board of Appeals' construction of a municipal zoning ordinance. The Zoning Board of Appeals had no discretion as to its jurisdiction, no power to enforce the zoning ordinance, and no interest in the outcome of the case as a matter of policy. Furthermore, the Zoning Board of Appeals had not refused to exercise an adjudicatory function that was within its power to perform. Here, in contrast, it was alleged that the Board of Overseers of the Bar had decided, as a matter of policy, to allow Faunce to withdraw his petition for fee arbitration and thereby to forestall an arbitration proceeding. Nisbet's petition for review of governmental action was in the nature of a mandamus seeking to compel the Board of Overseers to bring the fee dispute to arbitration. Nisbet maintained that the Board was under a legal obligation to retain Faunce's petition and to set the matter for hearing; the Board objected that the decision to proceed with arbitration was left to the client and that the Board had no power or duty to arbitrate the fee dispute without the client's consent. In essence, the matter at issue was the Board's interpretation of its own power to compel fee arbitration. In these circumstances, the Board of Oversees was sufficiently interested in the outcome of the dispute to be made a party defendant. Indeed, if Nisbet had been successful in arguing that Faunce had no right to withdraw his petition, the Board of Overseers would not have been bound by the court's decision unless it had been joined as a party. Thus, we conclude that the Board was properly named as a defendant in Nisbet's complaint.

### II. The Client's Right to Withdraw a Petition for Fee Arbitration

Maine Bar Rule 3.3(c) provides:

A lawyer admitted to practice in this State shall submit, upon the request of his client, the resolution of any fee dispute in accordance with Rule 9.

Under Maine Bar Rule 9(g)(3),[1] members of the Board's fee arbitration panels have all the powers and duties vested in neutral arbitrators under Maine's version of the Uniform Arbitration Act, 14 M.R.S.A. ch. 706 (§§ 5927–5949) (1980). The Act provides that a written agreement to submit a controversy to arbitration is irrevocable: if one party to the agreement subsequently refuses to arbitrate, on request of the other party a court shall order the recalcitrant party to proceed with arbitration. 14 M.R.S.A. § 5928.

---

1. Maine Bar Rule 9(g)(3) provides:

 The members of the arbitration panels shall be vested with all of the powers, and shall assume all of the relevant duties granted and imposed upon neutral arbitrators by the Uniform Arbitration Act, 14 M.R.S.A. § 5927, *et seq.*, to the extent that the same is not in conflict with these rules.

In effect, appellant would have us treat the client's submission of a written petition to the Board for fee arbitration as if it were the equivalent of the execution of a written contract to arbitrate, with the consequence of irrevocability. The result would be as if, on admission to practice in Maine, every lawyer were to execute a written offer to any future client to arbitrate a fee dispute, which offer any particular client could accept in writing by filing with the Board a petition for arbitration. On the basis of this concept, Nisbet argues from 14 M.R.S.A. § 5928 that Faunce's petition for fee arbitration was irrevocable and that the Board should not have permitted it to be withdrawn. We reject the argument for reasons hereinafter set forth.

In general, parties to a dispute cannot be compelled to submit their controversy to arbitration unless they have manifested in writing a contractual intent to be bound to do so. If the agreement does not take the form of a single signed document, it must be contained in writings exchanged between the parties. *Maine Cent. R. Co. v. Bangor & Aroostook R. Co.*, Me., 395 A.2d 1107, 1116–21 (1978). Such an agreement is absent in the present case. There has been no suggestion that Nisbet and Faunce personally agreed in writing to arbitrate any controversies between them. While Nisbet, as a practicing attorney, was required by Maine Bar Rule 3.3(c) to submit fee disputes to arbitration at a client's request, he did not thereby enter into a contract to arbitrate; by the force of Rule 3.3(c), only the attorney, not the client, is bound to submit to arbitration of fee disputes. *See*

Reporter's Notes, *Maine Reporter* Vols. 396–400, LXX (1978–79).

Neither can a client's petition for fee arbitration be considered a written agreement between the parties to submit the fee dispute to arbitration. A petition for fee arbitration under Maine Bar Rule 9(e)(1)[2] is merely a document by which a client may unilaterally initiate proceedings leading to arbitration. The petitioner agrees to be bound by the decision of a fee arbitration panel if a decision is ultimately rendered. Rule 9(e)(1)(B). However, the petitioner is not required to reach an agreement with the attorney that the matter will be submitted to arbitration. If and when the matter comes to hearing, the attorney's duty to cooperate arises, not from contract, but from the compulsion of Maine Bar Rule 3.3(c).

Even were we to conclude that the client's petition for fee arbitration is the equivalent of the completion of a written agreement to submit to arbitration, we would nevertheless be obliged to address the provision of Bar Rule 9(g)(3) that renders the Uniform Arbitration Act inapplicable to the extent that it conflicts with the operation of the Maine Bar Rules. To declare the client's petition for fee arbitration irrevocable before the commencement of formal arbitration proceedings would impair the flexibility that has been carefully preserved in Bar Rule 9.

Rule 9 does not contemplate an inexorable march to formal arbitration. Rather, the rule seeks to avoid formal arbitration

2. (1) *Initiation of Proceedings.* Upon receiving a complaint from any source regarding legal fees paid to or charged by an attorney admitted to the Bar of this State, the Secretary shall forward to such complainant a copy of these procedures and any relevant regulations or rules adopted by the Board or the Commission with respect to fee arbitration, together with the blank form captioned "Petition for Arbitration of Fee Disputes". Proceedings before a Fee Arbitration Panel of the Commission shall be initiated by the completion and forwarding to the Secretary of the petition, in which the petitioner shall:

(A) Fully identify himself and the attorney with whom he has a dispute;
(B) Agree to be bound by the decision of a Fee Arbitration Panel;
(C) Certify that he has made a good faith effort to resolve the dispute with the attorney involved before filing the petition; and
(D) Certify that the dispute is not the present subject of legal action instituted by the petitioner, nor has the matter been finally adjudicated by a court or administrative agency.

when possible. Under Bar Rule 9(e)(2)[3] Bar Counsel is authorized to attempt to resolve the dispute informally through communication with the client and his attorney. If Bar Counsel is successful, the client's petition is "deemed to have been withdrawn." It would be anomalous to hold that, before formal arbitration begins, a petition may be "deemed" withdrawn, but may not be withdrawn in fact when the client decides he no longer wants to go forward with it. Moreover, in such a case, to compel the client to proceed with unwanted arbitration would run counter to the principle that the Bar Rules are to be construed so as to eliminate "unjustifiable expense, delay and inconvenience." Maine Bar Rule 2(a).

Because Faunce withdrew his petition for fee arbitration before the commencement of formal arbitration proceedings under the Bar Rules, the Superior Court had no jurisdiction to compel either Faunce or the Board of Overseers to proceed with fee arbitration, and its dismissal of Count I of the complaint was proper.

### III. *The Superior Court's Jurisdiction Under Maine Bar Rule 8(f)*

In Count II of his complaint Nisbet requested that, pursuant to Maine Bar Rule 8(f), the Superior Court procure the appointment of a Superior Court justice to review the reasonableness of a contingent fee agreement between him and Faunce. The Superior Court dismissed Count II on the ground that it failed to state a claim upon which relief could be granted. Construing the court's action as a recognition by the court *sua sponte* that it lacked subject-matter jurisdiction, we concur in the dismissal.

 Maine Bar Rule 8(f) states, in pertinent part:

At any time prior to the expiration of 1 year following the making of the agreement or 1 year following the date of last rendition of services thereunder, the reasonableness of a contingent fee agreement shall be subject to review by any justice of the Court or of the Superior Court *assigned thereto by the Chief Justice.* [Emphasis added.]

Accordingly, a party seeking judicial review of a contingent fee agreement must in the first instance petition the Chief Justice of the Supreme Judicial Court; only then may the Chief Justice assign a justice of the Superior Court or of the Supreme Judicial Court to hear the matter. No power is vested in the Superior Court to make such an assignment. Thus, the Superior Court lacked subject-matter jurisdiction of Nisbet's request for judicial review of the contingent fee agreement. The Superior Court correctly dismissed Count II of Nisbet's complaint.

There are no other issues requiring the attention of this Court.

The entry is:

Appeal denied.

Judgment affirmed.

All concurring.

---

**3.** Maine Bar Rule 9(e)(2) provides:

After the petition is filed with the Secretary to the Commission, it shall be expeditiously reviewed by the Bar Counsel who may endeavor to resolve the dispute informally, and for such purposes may communicate directly with the petitioner and the attorney against whom the claim is being made.

If the dispute is resolved informally, the petition shall be deemed to have been withdrawn, and the petitioner shall be so advised in writing.