Sullivan
No. 2006-915

JUDY ATWATER *& a.*

v.

TOWN OF PLAINFIELD

Submitted: September 13, 2007
Opinion Issued: September 28, 2007

266

*Clauson Atwood & Spaneas*, of Hanover (*Bradford T. Atwood* on the brief), for the plaintiffs.

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* and *Krista E. Canty* on the brief), for the defendant.

*Thomas R. Hanna* and *David N. Cole*, of Keene, by brief, for the intervenor, Townline Equipment Sales, Inc.

## MEMORANDUM OPINION

HICKS, J. The plaintiffs, Judy Atwater, Carolyn and John McNellis, Dennis and Corrine Girouard, Diane MacDonald, and Ralph Demasi, appeal from an order of the Superior Court (*Houran*, J.) dismissing their appeal of a decision of the Town of Plainfield Planning Board (planning board) for lack of jurisdiction. *See* RSA 677:15 (Supp. 2006). We reverse and remand.

The record reveals the following facts. The planning board voted on August 7, 2006, to conditionally approve an application for site plan review of the intervenor, Townline Equipment Sales, Inc., and rendered final approval on August 23, 2006. On September 5, 2006, the plaintiffs filed a verified petition pursuant to RSA 677:15 to review the decision, naming the intervenor as the sole defendant in the caption. They identified the planning board in the body of the petition, and appended to it a copy of the planning board's decision. The trial court issued an order of notice directing the intervenor to appear, and granting the plaintiffs' request for certiorari review. *See* RSA 677:15, II.

On September 12, 2006, the plaintiffs moved to substitute the Town of Plainfield (town) as the defendant, asserting that they had incorrectly named the intervenor in the caption. After the trial court allowed the motion, the town moved to dismiss upon the basis that because it had not been named as a defendant within thirty days of the conditional approval, *see* RSA 677:15, I, the trial court lacked jurisdiction. The trial court granted the town's motion.

On appeal, the plaintiffs argue that the trial court erred because: (1) no final decision has yet been rendered by the planning board; (2) the appeal, filed within thirty days of the conditional approval, vested the trial court with jurisdiction, even if it named the wrong party; and (3) the motion to substitute the town was filed within thirty days of the planning board's final approval.

At the outset, we reject the plaintiffs' contention that the planning board has yet to render a final decision because it did not hold a hearing to address the intervenor's compliance with a condition precedent. Assuming, without deciding, that the planning board was required to hold such a hearing, its failure to do so does not mean that its approval is not final. *See Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328-29 (1984) (although planning board failed to hold compliance hearing, site plan approval was final). Nor were the plaintiffs required, under the circumstances, to file a separate appeal from the final approval. *See id.* at 328 (although appeal from conditional approval was premature, trial court could treat it as having been taken from final approval).

█ Turning to whether the trial court, upon this record, had jurisdiction, we note that strict compliance with the thirty-day filing deadline of RSA 677:15, I, is required to vest the trial court with jurisdiction. *See Prop. Portfolio Group v. Town of Derry*, 154 N.H. 610, 613 (2006). We have also held, however, that defective or untimely service of a timely filed appeal from a zoning board of adjustment (ZBA) does not divest the trial court of its jurisdiction. *See Kelley v. Hopkinton Village Precinct*, 108 N.H. 206, 208 (1967) (*Kelley II*).

In *Kelley II*, after we upheld the dismissal of the plaintiff's zoning appeal for having been brought against the wrong party, *see Kelley v. Hopkinton*, 107 N.H. 279 (1966) (*Kelley I*), the trial court granted the plaintiff's motion to join as a defendant the party that the plaintiff should have sued in the first instance, *see Kelley II*, 108 N.H. at 206. The defendant moved to dismiss, arguing "the time for appeal against [it] ha[d] long since expired." *Id.* (quotation omitted).

The relevant statutory scheme in *Kelley II* required that an appeal from a ZBA be filed "[w]ithin thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the decision on such rehearing." RSA 31:77 (1955) (repealed 1983; current version at RSA 677:4 (Supp. 2006)). Once filed, "the clerk of court [was to] issue an order of notice requiring a certified copy of the record appealed from to be filed with the court." RSA 31:80 (1955) (repealed 1983; current version at RSA 677:8 (1996)). Because the statute required the petitioner to do no more than timely file the petition, we held that the mere fact that

the order of notice was directed at the wrong party did not divest the trial court of its jurisdiction. *See Kelley II*, 108 N.H. at 207-08.

Like the statutory scheme in *Kelley II*, RSA 677:15, I, provides that "[a]ny persons aggrieved by any decision of the planning board concerning a plat or subdivision may present to the superior court a petition ... setting forth that such decision is illegal or unreasonable ... within 30 days" of the planning board's vote. RSA 677:15, I. Should the trial court, upon review of the petition, conclude that further review of the planning board's decision is warranted, the court may issue a "certiorari order directed to the planning board" requiring the board to provide its record. RSA 677:15, II; *see Price v. Planning Board*, 120 N.H. 481, 485-86 (1980). The statute neither "imposes [a] requirement of notice to any party in advance of the filing of the appeal," *Kelley II*, 108 N.H. at 207, nor requires that notice of the appeal be provided within the appeal period, *see id.* at 208.

We disagree with the town and intervenor that *Lewis v. Hines*, 81 N.H. 24 (1923), and its progeny control, for the same reason we rejected the identical argument in *Kelley II*. Unlike the addition of a defendant to an original lawsuit after the statute of limitations has expired, an administrative appeal is simply the "continuance of the original suit" first brought in the administrative forum. *Kelley II*, 108 N.H. at 207 (quotation omitted).

Nor is the town correct that because we observed in *Kelley I* that the ZBA "was named in the appeal," *Kelley I*, 107 N.H. at 279, the plaintiff in fact timely brought suit against the proper party, but simply failed to serve it. To the contrary, the record in *Kelley I* shows that "[t]he appeal was brought against the Town of Hopkinton[, the wrong party,] and the Hopkinton Village Precinct[, the proper party,] *was not named as a party in said appeal.*" *Kelley I*, Docket No. 5482 (N.H. Jan. 6, 1966) (Reserved Case) (emphasis added). Thus, while the plaintiff identified *the ZBA* for the precinct in the body of her petition, *see id.*, we noted that "the wrong party was sued," *Kelley I*, 107 N.H. at 281.

 The record in this case presents precisely the circumstances that were at issue in *Kelley II*. The plaintiffs named the planning board in the body of their petition, but identified the incorrect party as the defendant, and moved to join the town after the appeal period expired. Inasmuch as there are no material differences between the statutory schemes at issue in *Kelley II* and in this case, we conclude that the plaintiffs' filing of the appeal within thirty days of the planning board's vote on the intervenor's application established jurisdiction. *See Kelley II*, 108 N.H. at 208. Because the planning board has rendered final approval, we need not

address whether the conditional approval constituted a "decision of the planning board." *See Sklar Realty*, 125 N.H. at 328. We reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.