STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION

STATE OF MAINE
Cumberland,ss,Clerk's Office
                                                    DOCKET NO: AP-11-044

MARK HIDER,                         MAR 1 5 2012

             Plaintiff,             RECEIVED

      v.                                             ORDER

CITY OF PORTLAND
PLANNING BOARD

             Defendants.

Before the court is Plaintiff Mark Hider's 80B appeal of the City of Portland Planning

Board's decision. The City of Portland Planning Board opposes the appeal and asks the

court to dismiss the Plaintiff's action.

## BACKGROUND

Enterprise Rent-a-Car (Enterprise) filed an application with the City of Portland

Planning Board (the Board) to expand the paved area, include a maintenance building,

and add a new fueling facility at their 1128 Westbrook Street location. Enterprise

hosted a neighborhood meeting concerning the application and the Board held a

workshop about the expansion for abutting landowners and interested parties. Finally,

the Board held a public meeting on August 23, 2011, where they approved the

application.

Plaintiff Mark Hider (Hider) is an abutting landowner[1] who opposes the

expansions proposed by Enterprise. While Hider did not attend Enterprise's

neighborhood meeting or the Board's workshop he did email the Board written

---

[1] The complaint noted that Hider resides at 70 Cobb Street, Portland, Maine, which abuts the
property involved in the Enterprise application. (Compl. ¶ 1.) He does not own that property.
(Def.'s Br. 4.) During the hearing Hider demonstrated that he owns other abutting property at
76 Cobb Street. As a result, the Board conceded that Hider has standing to pursue this appeal.

1

comments prior to the Board's public meeting. Additionally, Hider attended the public meeting and spoke for over seven minutes.

The Board is permitted to "adopt its own rules for the conduct of its business." Portland, Me., Code § 14-25(b). Pursuant to this permission, the Board has adopted a "three minute rule."

> Members of the public may offer evidence or statements relevant to the project under consideration. Each speaker shall be limited to three (3) minutes. The Chair may, at is discretion, extend this period for an additional three (3) minutes. The Board may grant an initial or any further extensions upon a majority vote of those present and voting.

Rules of the Portland Planning Board Art. VI(B) §1(E).

Hider, through his attorney Mark Dion, filed a complaint for review of governmental action and declaratory judgment on September 28, 2011, and listed the City of Portland Planning Board as the defendant.[2] Attorney Dion's motion to withdraw was granted on January 27, 2012. Hider represented himself during the March 7, 2012, hearing.

## DISCUSSION

1. Due Process Violation as an Independent Action

The Superior Court is granted the authority to review the Board's decision by Sec. 14-29 of the Portland Code.[3] These appeals must be conducted in accordance with

---

[2] The Board argues that it is not the appropriate party for this appeal since Portland's municipal code does not give it authority to defend its decision on appeal. *See* Portland, Me., Code § 14-30; *Inhabitants of the Town of Boothbay Harbor v. Russell,* 410 A.2d 554, 560 (Me. 1980) ("Absent a positive legislative grant of authority . . . the board is not a proper party."). Here, the Board is being asked to defend its procedure against a claim that the Plaintiff's right to due process was violated by the Board's rules. The Board has sufficient interest in the outcome of this dispute, since it concerns the constitutionality of its own procedures, to remain as a party to the case. *See Nisbet v. Faunce,* 432 A.2d 779, 781 (Me. 1981) (allowing the Board of Overseers to remain as a party because it was "sufficiently interested in the outcome of the dispute").

[3] The Code addresses appeals as follows:

> An appeal from any final decision of the planning board as to any matter over which it has final authority may be taken by any party or by any authorized officer or agent of the city to the superior court in accordance with Rule 80B of

2

Rule 80B of the Maine Rules of Civil Procedure. Rule 80B limits the Superior Court's appellate review "of any action or failure or refusal to act by a governmental agency, including any . . . board" as allowed by statute or "as otherwise available by law." M.R. Civ. P. 80B(a). The Board asserts that this claim is an independent action, not a 80B appeal, and the Plaintiff failed to comply with the requirements set out in Rule 80B(i) regarding independent actions. The court agrees.

The Plaintiff has not asked the court to review the Board's actions; instead he asked the court to declare the Board's procedures unconstitutional. Such a request does not fall within the scope of M.R. Civ. P. 80B. Rule 80B(i) controls independent actions and requires the Plaintiff to file a motion "requesting the court to specify the future course of proceedings." M.R. Civ. P. 80B(i). The Plaintiff failed to file this motion; therefore this claim is not properly before the court.

Additionally, the Board's imposition of the three-minute rule does not violate Hider's due process rights.[4] With regards to agency hearings and property rights, a party's right to procedural due process is protected if he is "given notice of and an opportunity to be heard at proceedings in which his property rights are at stake." *Mutton Hill Estates, Inc. v. Oakland*, 468 A.2d 989, 992 (Me. 1983). In order to ensure that the public was given an adequate opportunity to be heard the Board needed to "strike a fair and reasonable balance between its interest in efficiency and the public's right to speak." *Crispin v. Town of Scarborough*, 1999 ME 112, ¶ 20, 736 A.2d 241 (noting that the

---

the Maine Rules of Civil Procedure. No appeal shall lie concerning any matter as to which the power of the board is limited to the making of a recommendation. Section 14-29

[4] The Board asserts that the three-minute rule was not even applied to Hider during the public meeting because he spoke for over seven minutes. The rule includes allowing the Chairperson to allow for additional time. Even though he spoke for more than three minutes the rule was applied to him. His comments ended with the Chairperson of the Board telling him his time was up. (Meeting Tr. 25:11–12.) As a result, he was potentially restricted by the rule.

right to address the Town Council is not unlimited). Here, it is undisputed that Hider was given notice. He was also given several opportunities to be heard both orally and in writing.

In *Crispin v. Town of Scarborough* the Law Court determined that a similar three-minute rule provided the public with an adequate opportunity to be heard. *Id.* at ¶ 21. The Town Council allowed members of the public "three minutes to make initial comments, and [individuals were] allowed a second chance to speak after everyone present had been given an opportunity to speak once." *Id.* at ¶ 19. The Law Court found that "[i]n light of the number of people who wished to address the Town Council, both for and against the project, the Council's decision to limit initial comments to three minutes represented a reasonable balancing of the interest of the public." *Id.* at ¶ 21. Similarly, the court finds that the Board's three-minute rule provides the public an opportunity to be heard and therefore Hider's due process rights were not violated.

2. <u>Merits of the Enterprise Application</u>

During the March 7, 2012, hearing Hider presented several arguments that were not included in the complaint. These arguments addressed the merits of the Enterprise application and the overall review process used by the Board. Additionally, Hider requested a trial of the facts. While these arguments are appropriate for an 80B appeal the court cannot consider them at this time.

Rule 80B incorporates the Maine Rules of Civil Procedure and provides additional guidelines for the Superior Court's review of government actions. M.R. Civ. P. 80B(a). Pursuant to M.R. Civ. P. 80B(d) a party may move for a limited trial of the facts. "The purpose of such a trial is not to retry the facts but rather to permit the court to obtain facts that are not present in the record." *Silsby v. Belch*, 2008 ME 104, ¶ 6, 952

4

A.2d 218 (citing *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶ 9, 743 A.2d 237). The motion for a trial of the facts must be filed "within 30 days after the complaint is filed." M.R. Civ. P. 80B(d). In addition to the motion the party must also file "a detailed statement, in the nature of an offer of proof, of the evidence that the party intends to introduce at trial." *Id.* If the party does not file the motion within 30 days then the party has waived any right to a trial on the facts. *Id.* When such a trial is waived the Superior Court's review is limited to the record. M.R. Civ. P. 80B(f). Here, Hider did not file a motion for a trial of the facts and the 30-day window has passed. As a result, the court's review of the case is restricted to the record.[5]

Hider disagrees with how his former counsel handled this appeal and the arguments Mr. Dion set forth in the complaint. Despite this disagreement, Hider is unable to present arguments during the hearing that are based on causes of action not set forth in the complaint. "[T]he purpose of the complaint is to provide defendants with fair notice of the claim against them." *Bowen v. Eastman*, 645 A.2d 5, 7 (Me. 1994). If the defendant does not have notice then it cannot properly defend the claim as required in M.R. Civ. P. 12. Rule 80B states, "[t]he complaint shall include a concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief, and shall demand the relief sought." M.R. Civ. P. 80B(a).[6] Since the merits of the Board's review of the Enterprise application are not plead in the complaint, nor are they

---

[5] The record in this case is insufficient for appellate review. Rule 80B(e)(2) sets forth the contents and procedure requirements for the record. Here, counsel for the Board noted that the parties did not meet in advance to determine the contents of the record. Additionally, the record did not include "the application or other documents that initiated the agency proceedings" as required by the rule. M.R. Civ. P. 80B(e)(2). The court is entitled to "dismiss the action for want of prosecution" for failing to comply with the record requirements. M.R. Civ. P. 80B(h).

[6] At this point in the litigation, a party may only amend the complaint "by leave of court or by written consent of the adverse party." M.R. Civ. P. 15(a). However, even with an amended complaint, Hider is not entitled to a trial of the facts because the 30-day deadline has passed.

5

discussed in the brief in support of the complaint, the court is unable to address the merits of the application in this appeal.

**The entry is:**

The 80B Appeal of the City of Portland Planning Board is DISMISSED.

DATE: _March 14, 2012_

Roland A. Cole
Justice, Superior Court