**BOARD OF ENVIRONMENTAL PROTECTION et al.**

v.

**Paul BERGERON et al.**

Supreme Judicial Court of Maine.

Argued Jan. 19, 1981.

Decided Aug. 18, 1981.

---

Gregory W. Sample, Asst. Atty. Gen., (orally), Augusta, for plaintiff.

Nicholas S. Strater, York, for defendant.

Before McKUSICK, C. J., WERNICK, GODFREY, NICHOLS and CARTER, JJ., and DUFRESNE, A. R. J.

NICHOLS, Justice.

The Board of Environmental Protection, the Attorney General and the State of Maine again jointly appeal from a summary judgment entered in favor of the Defendants, Paul A. Bergeron and Faye Bergeron in Superior Court (York County).[1] These Plaintiffs originally brought the action alleging that the Defendants had violated the State's site location subdivision law[2] when they failed to obtain approval from the Board of Environmental Protection before selling certain lots of land in Kennebunkport. On this appeal the single issue concerns the proper construction of the statutory term "subdivision,"[3] which term the Plaintiffs claim applied to the Defendants' land thereby requiring them to have sought the Board's prior approval.

We sustain the appeal.

The Plaintiffs contend that the Superior Court erred in granting summary judgment for the Defendants by construing "subdivision," a type of development which the Legislature has deemed may substantially affect the environment, in a manner inconsistent with the purposes of the site location development law. See 38 M.R.S.A. § 481.

38 M.R.S.A. § 483 requires "[a]ny person intending to construct or operate a development" to "notify the board in writing of his intent and of the nature and location of such development," whereupon the Board[4] must approve or disapprove the development within 30 days. Id. Notification is required, however, only if the land and its division constitute a development. Under 38 M.R.S.A. § 482, the definition of a development includes a "subdivision" which is defined as follows:

---

1. The parties to this action were before this Court in Board of Environmental Protection et al v. Bergeron, Me., 410 A.2d 1037 (1980).

2. 38 M.R.S.A. § 481 et seq. (1978 & Supp. 1980–1981).

3. 38 M.R.S.A. § 482(5) defines this term as follows:

   A "subdivision" is the division of a parcel of land into 5 or more lots to be offered for sale or lease to the general public during any 5-year period if such lots make up an aggregate land area of more than 20 acres except for the following:

   A. All the lots are at least 10 acres in size;
   B. All the lots are at least 5 acres, and the municipality has adopted additional regulations governing subdivisions pursuant to Title 30, section 4956, and the lots less than 10 acres are of such dimensions as to accommodate within the boundaries of each a rectangle measuring 200 feet and 300 feet, which abuts at one point the principal access way or the lots have at least 75 feet of frontage on a cul-de-sac which provides access; or
   C. All the lots are at least 5 acres, but do not make up a total of more than 100 acres and the lots less than 10 acres are of such dimensions as to accommodate within the boundaries of each a rectangle measuring 200 feet and 300 feet, which abuts at one point the principal access way or the lots have at least 75 feet of frontage on a cul-de-sac which provides access.

4. In amending the statute since 1973, the Legislature has changed the name of the agency from Environmental Improvement Commission to Board of Environmental Protection. P.L. 1971, ch. 618, § 12.

[T]he division of a parcel of land into 5 or more lots, any one of which is less than 10 acres in size, if said lots make up an aggregate land area of more than 20 acres and are to be offered for sale or lease to the general public during any 5-year period.

*Id.* § 482(5).

For a period of seven days in 1973 the Defendants owned an irregularly-shaped tract of land over 20 acres in size. In the ensuing three years this tract was divided into lots. Most, but not all, of these lots were sold to members of the public or donated to family members. At least one of these lots was less than 10 acres in size. The tract is divided by a public road which the parties have stipulated has been in use for over 20 years.

If the public road dividing the property is ignored, the tract clearly falls within the specifications of § 482(5). However, the Superior Court held, as a matter of law, that the public road dividing the irregular tract was a fixed boundary which, for purposes of 38 M.R.S.A. § 482(5), created *two* parcels of land. Under the court's ruling then, the definition of subdivision was not met for either parcel because fewer than 5 lots were sold from each side of the road. Accordingly, the issue before this Court is whether a single "parcel of land," as defined in 38 M.R.S.A. § 482(5), existed as a matter of law when a public road divided the tract.

■ The existence of a public road dividing a tract of land may be highly relevant to a factual determination of whether classification of a tract as a single parcel of land under 38 M.R.S.A. § 482(5) is appropriate. However, the Superior Court erred when, without taking any evidence as to the integration, or lack of integration, of those portions of the tract which fell on opposite sides of the public road, it attached controlling significance as a matter of law to the public road as a demarcation between separate parcels.

38 M.R.S.A. § 481 declares:

The purpose of [the Act] is to provide a flexible and practical means by which the State, acting through the Board of Environmental Protection, in consultation with appropriate state agencies, may exercise the police power of the State to control the location of those developments substantially affecting local environment in order to insure that such developments will be located in a manner which will have a minimal adverse impact on the natural environment of their surroundings . . . .

Consistent with this declaration, it is appropriate to give a "flexible and practical" construction to the term "parcel of land" in 38 M.R.S.A. § 482 that will accommodate the purposes of the act. *Town of Arundel v. Swain*, Me., 374 A.2d 317, 319–20 (1977).

■ We have had occasion to recognize that the 20-acre requirement, prescribed in 38 M.R.S.A. § 482(2), clearly indicates the Legislature's concern for potential adverse impacts of large developments. *See Brennan v. Saco Construction, Inc.*, Me., 381 A.2d 656, 661–62 (1978); *In re Spring Valley Development*, Me., 300 A.2d 736, 752 (1973). To define "parcel of land" in 38 M.R.S.A. § 482(5) as a matter of law to exclude a development from the law's purview solely because a public road happens to pass through a particular tract would not necessarily serve that legislative purpose. Whether the presence of a public road running through a tract is a reliable demarcation that establishes two separate "parcels of land", in contrast to a single parcel, under the act depends upon a variety of factors relevant to the tract's past use and present suitability for large-scale, integrated development.

In sum, because such factors were not considered by the trial court, and because the Defendants were excused as a matter of law from this statutory requirement of Board approval on the sole ground that a public road passed through their property, we conclude that the granting of summary judgment was error.

The entry, therefore, will be:

Appeal sustained.

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.