RICHARD ALLUM *vs.* THOMAS M. PERRY.

Penobscot. Decided June 1, 1878.

*Promissory notes. Assignment. Estoppel.*

The assignment and delivery of a promissory note payable to order, before maturity, without indorsement, gives to the assignee only the rights of the payee, though it may have been taken in good faith and for value.

One is not estopped by casual answers to inquiries made by a party who has no interest in the subject matter of such inquiries.

To create an estoppel by the statements and declarations of a party, it must appear that the one making the inquiry had an interest in the subject matter of his inquiry, and that such fact was known to the party against whom the estoppel is sought to be enforced.

It must further appear that the action of the party enforcing the estoppel was changed, to his detriment, in consequence of his reliance upon the statements and declarations made.

ON EXCEPTIONS.

ASSUMPSIT, on a negotiable promissory note signed by the defendant, payable to the order of the plaintiff three months after date, and not indorsed.

The defendant testified that the note was given in part payment for a horse sold and warranted sound, which turned out to be worthless, and that the consideration had failed.

Daniel Page testified that he bought the note of the plaintiff, before its maturity, for value ; that, before he bought it, he went to the defendant and asked him if the note was good, and the defendant told him he intended to pay it when it was due. Page then took the note.

Samuel D. Hurd testified that he purchased the note of Page for value, and before maturity, and that similar statements were made by the defendant to him before he bought it.

The defendant then testified that at the time he told Page and Hurd that he intended to pay the note, it was directly after it was given, and that he then had no knowledge or means of knowledge that the consideration was wanting, or that the horse was worthless ; and that he had no intention of deceiving or misleading either of them. He also offered the testimony of witnesses as to the failure of consideration, but the presiding justice excluded the evidence, saying that he should instruct the jury that, if they believed either the plaintiff or the defendant, they must find a verdict for the plaintiff ; that it would make no difference whether the defendant had knowledge of the failure of consideration at the time he said he intended to pay or not ; but that he would in either case be estopped from setting up any defense against the present holder ; also, that it would make no difference whether the note, payable to the order of Allum, had been indorsed by him or not.

The verdict was for the plaintiff ; and the defendant alleged exceptions.

*F. M. Laughton,* for the defendant.

*K. P. Forbes,* for the plaintiff.

APPLETON, C. J. It was in proof from both parties, and without contradiction, that the note in suit was given in part payment of a horse, sold by the defendant to the plaintiff ; that, shortly after it was given, the plaintiff sold the same to Daniel Page for value ; that, before the sale, Page called on defendant to inquire about

the note, who said it was good and would be paid ; that, before its maturity, Page sold the note to Samuel D. Hurd, for whose benefit this suit is prosecuted ; that Hurd, before purchasing, called on the defendant, who reiterated his previous assurances that the note was good and would be paid, and that thereafter he purchased the same.

The defendant offered to show there was fraud in the sale of the horse, which the court excluded, ruling that the defendant, by his acts and declarations, was estopped from setting up the defense of fraud.

The assignment and delivery of a promissory note before maturity, without indorsement, gives to the assignee only the rights of the payee. *Haskell* v. *Mitchell*, 53 Maine, 468. It is so, though taken in good faith and for value. *Lancaster National Bank* v. *Taylor*, 100 Mass. 18.

The only ground upon which the plaintiff in interest can recover is that the defendant, by his acts and declarations, is estopped to set up that there was fraud in the inception of the note. Upon this branch of the case, the instructions given were too broad.

It does not appear that the defendant knew that the plaintiff in interest, or his assignor, had any intention of purchasing the note in suit, or would be likely to act upon any statements he might make. He is not to be estopped by casual answers made to persons who have no interest in the subject matter of their inquiries. " Certainly," remarks Metcalf, J., in *Pierce* v. *Andrews*, 6 Cush. 4, "no one can be estopped by a deceptive answer to a question, which he may rightfully deem impertinent and propounded by a meddling intruder."

It does not appear that the plaintiff in interest was induced to purchase in consequence of what the defendant said ; and if not, there would be no estoppel. To create an estoppel *in pais*, the declarations or acts relied upon must have induced the party seeking to enforce an estoppel to do what resulted to his detriment, and what he would not otherwise have done. If his action was not changed by what was said he has no cause of complaint.

*Exceptions sustained.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.