CITY OF LEWISTON *vs.* ALTON L. GRANT et als.

Androscoggin.    Opinion April 8, 1921.

*A municipal ordinance which forbids the repairing or alteration of a wooden building standing on land within the fire district so as to increase its height and size, is not void because of constitutional provisions. Municipal ordinances, to be valid, must be reasonable and not oppressive in their character. Whether unreasonable or oppressive is a question of law. Permission of building inspector no justification for acts in violation of such ordinances. The court has no discretionary power in determining whether a building is a nuisance or not, which was erected in violation of an ordinance, adopted by virtue of statutory authority which declares such building so erected to be a nuisance.*

Bill in equity to restrain defendants from enlarging a building in violation of a city ordinance.    On appeal from decree of sitting Justice.

*Held:*

1.  Since the ordinance was adopted by virtue of statutory authority, and the statute has distinctly declared that a building erected in violation of such ordinance is a nuisance, the court has no discretionary power in determining whether or not the building is a nuisance.

2.  That portion of the ordinance which applies to the case at bar, which forbids the repairing or alteration of a wooden building standing on land within the fire district so as to increase its height and size, is not void because of constitutional provisions.

3.  To be valid, municipal ordinances must be reasonable and not oppressive in their character.    Whether unreasonable or oppressive is a question of law.

4. The plaintiff is not estopped to prosecute this action because the building inspector gave permission to proceed. That official has no power to authorize violation of law. An ordinance has the force of law over the community in which it is adopted.

5. Certain modifications of the decree as to size of building, pointed out in the opinion, may be made to conform to the testimony.

On appeal by defendant. This is a bill in equity brought by the City of Lewiston asking for a mandatory injunction and praying that a certain section of a building situated on the easterly side of Lisbon Street in the City of Lewiston between Main and Cedar Streets be condemned as a nuisance and torn down alleging that it was erected in violation of a building ordinance of the City of Lewiston. The defendants in their answer claimed that the repairs or erection were not a substantial violation of the ordinance, and that the ordinance was illegal and void. Upon a hearing before a single Justice it was decreed that a permanent injunction issue, from which decree defendants appealed. Appeal dismissed. Decree to be modified in accordance with this opinion and as thus modified is affirmed.

Case is stated in the opinion.

*Frank T. Powers, and Fernand Despins,* for plaintiff.

*B. L. Berman, W. H. Hines, and Jacob H. Berman,* for defendants.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, WILSON, DEASY, JJ.

PHILBROOK, J. This is a bill in equity brought by the plaintiff to restrain the defendants from enlarging a certain building in violation of an ordinance of the city which provides that no wooden building standing on any lot within certain described limits shall be repaired or altered so as to increase its present height or size. These limits are within the restricted area known as the fire district in the plaintiff city.

The case was heard before a single Justice upon a petition for temporary injunction, but all the evidence available having been put in at the hearing, it was agreed by the parties that an answer might be filed and the case decided upon its merits. The answer was filed and the presiding Justice, thereafter made finding and decree in decision of the case.

He found that the ordinance was clear and explicit; that it applied to the enlargement of the building in question; that the alterations

increased the present size of the building; that the ordinance was constitutional; that by the ordinance the new part of the building in question was forbidden; that a structure erected contrary to the ordinance is a statutory nuisance; that in such case, the court cannot exercise discretionary power; that when the statute declares a certain condition to be a nuisance the court must hold it to be such, otherwise the statute would be rendered a nullity. The following is the decree:—

"This case having been heard before a single Justice on the seventh day of October, A. D. 1920, and a finding therein entered for the plaintiff on the eleventh day of October, A. D. 1920; it is therefore, in accordance with the decision of said justice, ordered, adjudged, and decreed as follows:

That the new wooden structure in the rear of the defendants buildings, and adjoining thereto, and made a part thereof, which is sixteen feet deep, twelve feet six inches in width, and one story in height, and annexed to the southeasterly corner of the main building, is a nuisance to said plaintiff, and said defendants are hereby enjoined and commanded forthwith to remove the same; and that said plaintiff recover its costs against said defendant, execution to issue therefor."

From this decree the defendants seasonably appealed, their appeal being based upon the following contentions.

I. That the repairs which they made were not a substantial violation of the ordinance; that the alterations in the building were slight; that the increase in the size of the building, if any, was trivial.

II. That the ordinance is void because it is unreasonable and unconstitutional, as not being justified under the exercise of the police power of the State.

III. That the city is estopped from prosecuting this bill, because the repairs and additions to the building made in this case, were so constructed under the direction and by the permission of the building inspector of the plaintiff city.

IV. That the decree of the sitting Justice should be modified because it grants an injunction commanding the defendants to tear down a section, sixteen (16) feet deep and twelve (12) feet six (6) inches in width, whereas the prayer for relief describes the alteration to be twelve (12) feet square, and because the evidence indicates that the new section, if the court should conclude this to be an enlargement

of the building, is twelve (12) feet wide on the extreme rear and ten (10) feet long on the southerly side, with a small space between the two sheds seven (7) feet wide by six (6) feet deep.

So far as the findings of fact by the sitting Justice are concerned they are sustained under the familiar rule, which needs no citations, that such findings are to be so sustained unless clearly erroneous and we do not find error therein.

The defendants claim that the finding relating to the exercise of discretion is a matter of law and urge error at this point. We must ever bear in mind that this case deals with a statutory question. Hence, citation of authorities to cases which are not based upon statute, by-law nor ordinance, are not necessarily applicable and frequently have no application whatever. In *Coombs* v. *Lenox Reality Co.*, 111 Maine, 178, which is relied upon by the defendant, we have a case where the brick wall of the defendant's building overhung the plaintiff's premises about one and one-half inches. There was no question of statute, by-law nor ordinance involved. It was there held under the peculiar circumstances of that case that a mandatory injunction should not be granted in all cases; that it was a discretionary writ; that the discretion was not an arbitrary one but was to be exercised in accordance with settled rules of law and the prayer for mandatory injunction was denied. In *Stewart* v. *Finkelstone*, 206 Mass., 28, the plaintiff sought to compel the defendant to remove part of the building on certain land because the location was in violation of certain building restrictions which the City of Boston, the common predecessor in title, had inserted in deeds conveying lands to persons from whom the plaintiffs and the defendants derived their title, but that case did not arise from any violation of a city ordinance or a state statute. In *Attorney* v. *Algonquin Club*, 153 Mass., 447, the relator asked for the removal or alteration of certain buildings situated upon Commonwealth Avenue, but in that case also the request was based upon the allegation that the location of the buildings were in violation of restrictions of a deed from the Commonwealth under which the defendant derived its title. Here again, the case has nothing to do with a city ordinance or a state statute. In *Lynch* v. *Union Institution for Savings*, 159 Mass., 306, there was involved a question of continuing trespass which would work permanent injury to real estate and the case in no respects resembles the one at bar. In *Woodbury* v. *Marine Society*, 90 Maine,

17, the controversy related to the use of certain funds of the defendant society and involved no question of ordinance or statute law.

On the other hand, the sitting Justice based his finding and ruling as to discretionary powers in a case like the one at bar, upon *Houlton* v. *Titcomb*, 102 Maine, 272, which was a case on all fours with the case at bar, so far as the law was concerned. It was there pointed out that by the provisions of R. S., Chap. 4, Sec. 98, Paragraph VIII, towns, cities and village corporations may make by-laws or ordinances not inconsistent with law, respecting the erection of buildings therein and defining the proportions, dimensions and the material to be used in the construction thereof; and that any building erected contrary to any by-law or ordinance so adopted, is a nuisance. In the latter case it was held that such ordinances are in derogation of the common law, must be construed strictly and cannot be enlarged by implication. In other words, the legal position taken by the sitting Justice in his findings that the court in a case like the one at bar cannot exercise discretionary power was correct.

With relation to the contention that the ordinance of the city now under consideration is void because it is unreasonable and unconstitutional, we call attention to the fact that this ordinance, (Section 3) although appearing in the record as one entire paragraph is, nevertheless, composed of three distinct provisions. One forbids the erection or placing on any lot on either side of certain streets, o. any building less than three stories in height, and requires construction of certain fire proof material; the second, that no wooden building, or any part or section of any wooden building, should thereafter be erected or placed upon any lot on either side of certain streets within certain limits; the third forbids the repairing or alteration of wooden buildings then standing on any lot within the fire district so as to increase its present height or size. It is with reference to this third provision alone that we are now concerned. Whether either of the other two provisions are void or otherwise is not now under consideration. It was held in *State* v. *Robb*, 100 Maine, 180, that a by-law or ordinance, like a statute, may be valid in part and void in part, and where it consists of several distinct or separable parts or provisions the invalidity of one or more of these will not render the entire ordinance void; that where an ordinance contains two separate prohibitions of different acts, or a prohibition applying to different classes of objects, it may be valid as to one and invalid as to the other; that if part of a

by-law or statute which is valid can be separated from that which is void, and carried into effect, it may be. It was also held a necessity that the good and bad parts be so distinct and independent that the invalid parts may be eliminated and what remains constitute the essential elements of a complete ordinance.

In the case at bar, as we have already said, not affirming or denying the validity of the first two elements of this ordinance, it is quite plain that the third element can be separated from the other two, if necessary, and therefore we are concerned only with this third element. The query then is whether police power, so-called, would authorize the City of Lewiston, by ordinance and under the authority of the statute, to declare that "No wooden building now standing on any lot within any of the above named limits shall hereafter be repaired or altered so as to increase its present height or size." We concede the defendants' claim that mere aesthetic beauty is not a basis for the exercise of police power, in cases like the one at bar, but we cannot concur with the defendant's view that an analysis of the elements of this ordinance, with the results which it seeks to accomplish, clearly indicate an intention and purpose on the part of the City of Lewiston to beautify the city, under the guise and pretext of the police power. In support of their claim that the ordinance under consideration is void the defendants cite *Winthrop* v. *N. E. Chocolate Co.*, 180 Mass., 464. The statute in that commonwealth authorizes cities and towns to pass ordinances and by-laws for the prevention of fire and the preservation of life and also to "Regulate the inspection, materials, construction, alteration and use of buildings and structures." Under the authority of that statute, the town of Winthrop adopted a by-law in the following language:

"No person shall, within one hundred feet of any other person's building or land, erect or use any building for a planing mill, woodworking establishment, hotel or public hall, or for any manufacturing or other hazardous business without first obtaining a permit in writing from the selectmen, and no such permit shall be granted until after such notice to owners of adjoining property as the selectmen shall order, and after a hearing pursuant to such notice."

In construing this by-law, the court said:

"It will be observed, that it is broad enough to cover any building, no matter how small, if only large enough for any kind of manufacturing business, and no matter of what materials composed. A one

story building of brick or stone cannot be erected or used by a person without a permit for a public hall, if within one hundred feet of any other person's building or even land. It cannot be necessary to multiply illustrations to show, that as an ordinance to prevent fire or preserve life it is beyond the authority conferred by the statute, and unreasonable. Nor is it any answer to say, that the whole matter is left to the selectmen, and that they may be presumed to act in a reasonable manner. It does not expressly or by necessary implication require them to adjudicate and determine, that it is necessary to prohibit the proposed erection and use for the prevention of fire or the preservation of life, but leaves them to act upon any reason whatever. It cannot be said that such a by-law is authorized by the statute."

We concur with the Massachusetts Court in their construction of the by-law and the result which they reached in that case but cannot concede that the decision is conclusive upon the case at bar.

It is well settled law that ordinances and by-laws of municipal corporations, to be valid, must be reasonable and not oppressive in their character. Any unreasonable ordinance or by-law is void. Whether a by-law or ordinance is reasonable or oppressive in its character, or otherwise, is a question of law for the court. This principle however, does not apply where the municipal corporation does that which it is expressly authorized to do by the Legislature, but where the power to act is a general one, the ordinance or by-law passed in pursuance of it must be a reasonable exercise of that power or it is invalid. Courts are cautious, however, in applying the rules relative· to the authority of the municipal corporation to act and discretionary powers, except in extraordinary cases to restrain gross abuses, are not subject to judicial control. *Jones* v. *Sanford,* 66 Maine, 585; *State* v. *Robb,* supra; *State* v. *Phillips,* 107 Maine, 249. See also *Skowhegan* v. *Heselton,* 117 Maine, 17.

In the case at bar, the provisions of R. S., Chap. 4, Sec. 98, Paragraph VIII, were plainly intended by the Legislature to provide, among other things, for safety against conflagrations, and while, under the statute, the authority of municipal corporations to make a by-law or ordinance is to a certain extent general, yet, on the ether hand, its spirit is quite specific.

As early as 1835 this court in *Wadleigh* v. *Gilman et al.*, 12 Maine, 403, decided that a city ordinance forbidding the erection of wooden buildings within certain prescribed limits was within the constitutional powers authorized under so-called police powers; and the court further held that it was not only lawful to forbid the erection of such buildings but that it was also lawful to cause them to be removed when erected. It was there pointed out that it is an object in the highest degree worthy of the attention of city or town authorities to take such measures as may be practicable to lessen the hazard and danger of fire; that no city compactly built can be said to be well ordered or well regulated which neglects precautions of this sort; hence, while erection of such wooden buildings is a menace to the safety of property in the vicinity, the removal may be made to prevent the hazard of the continuance of combustible matter in a dangerous position. The added height or size of wooden buildings in a congested portion of any city or town may have a material effect upon the danger of extensive conflagrations and the hazard to surrounding property. It appears to us that so much of the ordinance as may now be under consideration was plainly intended to diminish fire hazard, is reasonable, is clearly within the police powers of a city or town, and not in conflict with any constitutional provision.

Before we leave this branch of the case, we desire once more to emphasize the provision of the statute that any building erected contrary to a by-law or ordinance adopted under the authority given by the statute is a nuisance. With reference to this provision, the Legislature has made a declaration to which no latitude of discretion on the part of the court is allowed.

The defendant further contends that the city is estopped from prosecuting this bill because the repairs and additions made in this case were done with the consent of the building inspector of the City of Lewiston. According to the testimony of the building inspector, found in the record, he informed the man in charge of the work that in his opinion it might be right and it might be wrong for him to go ahead saying; "If I was you I would go ahead and do it." The defendants rely upon the provisions of R. S., Chap. 30, Sec. 25, et seq., which provide for the appointment of an inspector of buildings and prescribes his duties, but an ordinance is an order or regulation adopted in due form by the law making power of a municipality in pursuance of lawful authorities, and has the force of law over the

community in which it is adopted.    See note to *Robinson* v. *Mayor of Franklin*, 34 Am. Dec., Page 632.    It needs no argument that the statute referred to by the defendants does not give building inspectors authority to permit violation of law, or ordinance which is equivalent to law, and this contention cannot be sustained.

The decree orders the removal of a structure sixteen feet deep by twelve feet six inches in width.    The bill prays for removal of a structure about twelve feet square.    The testimony shows that the structure complained against was an alteration made by extending the rear wall of an existing shed, on the northerly side, twelve feet to the southerly line of the lot, and by building a wall from the corner, thus made, ten feet to the southerly end of a smaller existing shed, removing the partitions on the interior side and finishing the interior to conform to the remainder of the first floor.    The decree may be modified to conform to these dimensions and when thus modified will stand affirmed.

> *Appeal dismissed with costs.*
> *Decree to be modified in accord-*
> *ance with these findings and*
> *as thus modified is affirmed.*