**SHACKFORD & GOOCH, INC. et al.**

v.

**The TOWN OF KENNEBUNK, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 5, 1984.

Decided Dec. 31, 1984.

Reagan & Adams, P.A., David P. Cullenberg (orally), Kennebunk, for Shackford & Gooch, Inc.

Smith & Elliott, Robert H. Furbish, Saco, for Town of Kennebunk.

Peter L. Edmands, Biddeford, for Arthur Brendze.

Verrill & Dana, William C. Knowles (orally), Portland, for B & B Coastal Enterprises.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Shackford & Gooch, Inc. *et al.*, opponents to the issuance of a building permit to B. & B. Coastal Enterprises, Inc., appeal from a judgment of the Superior Court, York County, ordering the Kennebunk Zoning Board of Appeals to issue a permit to B. & B. Coastal Enterprises to build and use a deck on the roof of its restaurant. B. & B. Coastal Enterprises cross-appeals, challenging that portion of the judgment holding that the Zoning Board of Appeals was not estopped from enforcing its ordinance. We grant the appeal and deny the cross-appeal.

I.

B. & B. Coastal Enterprises, Inc., operates Bartley's Dockside Restaurant (Dockside) in a building that is nonconforming because its setbacks do not meet the requirements of the Kennebunk Zoning Ordinance. In March 1982, Dockside applied to the Kennebunk building inspector for a permit to build stairs on the outside of the restaurant. The inspector granted the permit, at the same time giving Dockside verbal authorization to build a deck on the flat roof of the restaurant, assuring Dockside that a building permit for the deck was not necessary. When Dockside began construction of the deck, Shackford & Gooch, Inc., owner of an abutting fish market, petitioned the building inspector to stop the work on the grounds that a building permit was necessary, and that the deck violated local zoning ordinances.

The controversy eventually came before the Kennebunk Zoning Board of Appeals (Board), which decided in June 1982 that, based on an estoppel theory, Dockside could retain and use the roof deck, subject

to a restricted number of seats. On review of this decision, the Superior Court ruled that the Board's finding of estoppel was incorrect as a matter of law. The court vacated the decision of the Board and remanded the case for the Board to determine initially whether the deck met the requirements of the Kennebunk Zoning Ordinance and, if not, whether Dockside was entitled to a variance.

After hearing in September 1983, the Board found that Dockside's deck constituted an expansion of a nonconforming structure and did not comply with the setback requirements of the ordinance. The Board denied Dockside's request for the necessary variances. On review of the Board's decision, the Superior Court held as a matter of law that the deck as a vertical addition to the building did not extend the nonconforming horizontal setbacks of Dockside. The court further held the deck created no increase in Dockside's seating capacity that would necessitate a parking variance. Declining to reconsider the Superior Court's earlier ruling on estoppel, the court ordered the Board to issue a permit to Dockside to build and use its deck in accordance with the seating restriction established in the June 1982 hearing.

■ The opponents appeal to this court, asserting error in the second Superior Court decision. Dockside cross-appeals, maintaining the Board is estopped from enforcing the ordinance. We are satisfied that the opponents have statutory standing to appeal pursuant to 30 M.R.S.A. § 2411(3)(F) (1978). The opponents appeared before the Board and as abutting landowners demonstrated they would suffer particularized injury as a result of the Board's action. *See Harrington v. Town of Kennebunk*, 459 A.2d 557, 559 (Me. 1983); *Pride's Corner Concerned Citizens Association v. Westbrook Board of Zoning Appeals*, 398 A.2d 415, 417–18 (Me.1979).

## II.

■ When the Superior Court acts as an appellate court reviewing an action of an administrative board, we directly examine the record developed before the board. *See Driscoll v. Gheewalla*, 441 A.2d 1023, 1026 (Me.1982); *see also Nancy W. Bayley, Inc. v. Maine Employment Security Commission*, 472 A.2d 1374, 1377 (Me.1984). On review of an action taken by a zoning board of appeals, we may not make factual findings independent of those of the board, nor may we substitute our judgment for that of the board. *Mack v. Municipal Officers of the Town of Cape Elizabeth*, 463 A.2d 717, 719–20 (Me.1983); *Driscoll*, 441 A.2d at 1026. Our role is to determine whether the board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record. *Mack*, 463 A.2d at 719; *Driscoll*, 441 A.2d at 1026.

The Board found in its remand hearing that Dockside's roof deck was not in compliance with the side yard, rear yard, or shoreland zoning setback requirements of the Kennebunk ordinance. The Board thus considered the deck to be an expansion of a nonconforming structure requiring a variance. The ordinance provides:

No lawfully non-conforming use of buildings or land shall be changed, extended, or enlarged in any manner for any purpose not permitted under this Ordinance, except as may be permitted as a variance, not as an exception.

Kennebunk, Me., Zoning Ordinance § 1.4(B) (1963). The section on variance appeals provides:

The Board may allow a relaxation, in a moderate degree, of the lot area, lot width, yard depth, or percentage of lot covered requirements of this Ordinance. Such a relaxation may be granted only when the Board determines that, by reason of physical consitions [sic] peculiar to the land or building under appeal (conditions virtually unique to that property and not arising or applying as to other land and building(s) adjoining or nearby within the same zoning district), unusual difficulty or particular hardship would be caused by literal application and rigorous

enforcement of the terms of the Kennebunk Zoning Ordinance. The Board may also permit modest expansion of any lawfully non-conforming building or use of land, but only on land occupied by such use at the time the use became lawfully non-conforming and not onto any additional lot adjoining.

*Id.* at § 7.6(C)(2).

▬▬ We agree with the Board that the addition of a roof deck, or indeed, any significant alteration of a nonconforming structure is an extension or expansion. *See* 1 R. Anderson, *American Law of Zoning 2d* § 6.43 at 455 (2d ed. 1976). Dockside argues that because the roof deck does not encroach any further into the nonconforming setbacks than do the lawfully nonconforming walls of the restaurant, it does not constitute an expansion of the nonconformity. To permit such an addition to a nonconforming structure without a variance, however, would offend the policy of zoning, which is to "gradually or eventually eliminate nonconforming uses as speedily as justice will permit." *See Keith v. Saco River Corridor Commission,* 464 A.2d 150, 154 (Me.1983). When an ordinance prohibits enlargement of a nonconforming building, a landowner cannot as a matter of right alter the structure, even if the alteration does not increase the nonconformity.

### III.

▬▬ We also affirm the Board's denial of Dockside's variance appeal. The ordinance provides that the Board may grant a variance if the applicant can demonstrate "unusual difficulty or particular hardship." Kennebunk, Me., Zoning Ordinance § 7.6(C)(2). Title 30 M.R.S.A. § 4963(3) (Supp.1984), which empowers municipal boards of appeal to grant variances, states:

A variance may be granted by the board only where strict application of the ordinance, or a provision thereof, to the petitioner and his property would cause undue hardship. The words "undue hardship" as used in this subsection mean:

A. That the land in question cannot yield a reasonable return unless a variance is granted;

B. That the need for a variance is due to the unique circumstances of the property and not to the general conditions in the neighborhood;

C. That the granting of a variance will not alter the essential character of the locality; and

D. That the hardship is not the result of action taken by the applicant or a prior owner.

Dockside bore the burden of proving to the Board that it met all of these criteria. *See Sibley v. Town of Wells,* 462 A.2d 27, 30 (Me.1983). The Board found that Dockside failed to carry its burden of establishing the first three of the statutory requirements constituting hardship. The Board further voted to deny a variance to Dockside on the basis that the hardship was the result of Dockside's own action.

Reviewing the record, we agree with the determination of the Board. We find neither abuse of discretion nor error of law in the Board's action. Because we affirm the Board's denial of a variance for lack of a showing of hardship, we need not consider whether the addition of a deck increases Dockside's seating capacity necessitating a parking variance.

### IV.

▬▬ Dockside asserts that the Board is equitably estopped from enforcing the zoning ordinance because the deck was built in reliance on the building inspector's representations that no permit was necessary. Assuming without deciding that it comes within the competence of the Board to apply principles of equity, we do not agree that equitable estoppel applies to the present facts.

▬▬ Proper application of the doctrine of equitable estoppel rests on the factual determination that "the declarations or acts relied upon must have induced the party seeking to enforce the estoppel to

do what resulted to his detriment, and what he would not otherwise have done." *Martin v. Prudential Insurance Co.*, 389 A.2d 28, 31 (Me.1978) (quoting *Allum v. Perry*, 68 Me. 232, 234 (1878)). One who has induced another to believe what is untrue and to act in reliance on the untruth may not later assert the truth. *Roberts v. Maine Bonding & Casualty Co.*, 404 A.2d 238, 241 (Me.1979). Furthermore, the reliance upon which estoppel is claimed must have been reasonable. *Id.* In appropriate circumstances, equitable estoppel may be invoked against a governmental entity. *Maine School Administrative District No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980).

The only element of estoppel at issue is the reasonableness of Dockside's reliance. The zoning ordinance does not authorize the building inspector to issue a permit without a written application. The ordinance also provides:

> No building, sign, or other structure shall be erected, altered, moved or demolished in Kennebunk without a written permit issued by the Building Inspector.

Kennebunk, Me., Zoning Ordinance § 7.1(A). Under the ordinance, the building inspector can either issue a written permit or deny a permit application. We do not consider Dockside's reliance on the inspector's spoken permission to build a deck to be reasonable reliance. Moreover, the unauthorized act of a municipal officer cannot be grounds for estopping the municipality. *See Lewiston v. Grant*, 120 Me. 194, 202, 113 A. 181, 185 (1921). The improper verbal representations of the building inspector do not estop the Zoning Board of Appeals from enforcing violations of the provisions of the zoning ordinance.

The entry is:

Judgment vacated;

Remanded for entry of judgment as follows: appeal denied; decision of Zoning Board of Appeals affirmed.

All concurring.