**COBBOSSEE DEVELOPMENT GROUP**

**v.**

**TOWN OF WINTHROP.**

Supreme Judicial Court of Maine.

Argued Nov. 1, 1990.

Decided Jan. 15, 1991.

Peter B. Bickerman (orally), Lipman & Katz, Augusta, for plaintiff.

Patrick J. Scully (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before McKUSICK, C.J., and
ROBERTS, GLASSMAN, CLIFFORD and
COLLINS, JJ.

COLLINS, Justice.

Cobbossee Development Group (Cobbossee) appeals from an order of the Superior Court (Kennebec County, *Wathen, J.*) affirming the decision of the Winthrop Zoning Board of Appeals (Board of Appeals) upholding the decision of the Winthrop Code Enforcement Officer (C.E.O.) that a conditional use permit granted to Cobbossee by the Winthrop Planning Board (Planning Board) to build a condominium project expired because construction was not commenced within one year after Planning Board approval as required by the permit and the Winthrop Zoning Ordinance (W.Z.O.).[1] Cobbossee claims error in this decision for four reasons: 1) the conditional use permit did not call for construction within one year; 2) the action taken by the Planning Board did not constitute the "approval" contemplated by the ordinance to start the running of the one year time limit; 3) the interpretation of the W.Z.O. and Planning Board decision was unreasonable; and 4) the one year limitation for the commencement of construction was tolled by the pendency of litigation concerning the project. Finding no error, we affirm.

Cobbossee applied to the Planning Board for approval of a multifamily condominium development project on an island located in

---

1. All references to the W.Z.O. will be to the one in effect at the time of the Planning Board's approval of the Cobbossee project on October 6, 1986, the 1981 W.Z.O. with Amendment # 1 (PB 4/28/86).

Cobbossee Lake in Winthrop in February, 1986. Pursuant to the W.Z.O., because the project was located in the Shorelands Zoning District, a conditional use permit was required. The Planning Board approved the conditional use on October 6, 1986. In its approval, and pursuant to W.Z.O. § 4.8.5.1–4.8.5.2, it imposed conditions that needed to be met prior to construction.

Opponents of the project appealed the Planning Board's decision, naming Cobbossee and the Town of Winthrop as defendants. The Superior Court, on May 8, 1987 (Kennebec County, *Alexander, J.*), and this court, on December 18, 1987, affirmed the Planning Board's decision. *See Duplessis v. Cobbossee Dev. Group*, 534 A.2d 674 (Me.1987). In July, 1987, opponents filed another action against the Town of Winthrop and Cobbossee attempting to make the project subject to certain amendments made to the W.Z.O. since the Planning Board approval. The Superior Court granted summary judgment in favor of Cobbossee on January 27, 1988. (Kennebec County, *Brody, C.J.*). On June 8, 1988, a quiet title action in the subject property that had been pending since July 1986, several months before the Planning Board approval, was decided by the Superior Court (Kennebec County, *Chandler, J.*) in favor of Cobbossee.

In December, 1988, more than two years after the approval of its conditional use permit, Cobbossee contacted the C.E.O. to ask about initiating compliance with it. The C.E.O. informed Cobbossee that its permit had expired pursuant to W.Z.O. § 4.8.4.10 because construction had not commenced within one year of the approval. The Board of Appeals upheld this determination on April 12, 1989. Cobbossee sought a review of this decision pursuant to M.R.Civ.P. 80B and brought a declaratory judgment action challenging its legality in the Superior Court on May 12, 1989.

On May 17, 1989, Cobbossee asked the Planning Board to extend the three year completion deadline, a condition of the permit. The Planning Board on June 27, 1989, after a second request by Cobbossee, declined to consider an extension since the conditional use approval had expired. Cobbossee appealed this decision to the Superior Court on July 26, 1989, an action that was consolidated with its challenge to the Board of Appeals' decision.

The Superior Court on April 20, 1990 affirmed the decision of the Board of Appeals upholding the C.E.O.'s determination that Cobbossee's conditional use permit had expired. Although not specifically referred to in the Superior Court's order, this affirmation validated the Planning Board's decision not to extend the construction completion deadline. Cobbossee appealed to this court from the order of the Superior Court on May 18, 1990.

■ "When the Superior Court acts as an appellate court reviewing an action of an administrative board, we directly examine the record developed before the board." *Shackford & Gooch, Inc. v. Town of Kennebunk*, 486 A.2d 102, 104 (Me.1984). On review of an action taken by a zoning board of appeals or a planning board, we will accept the board's factual findings and will not substitute its judgment for that of the board. *Id.* at 104. Our role is to decide "whether the board abused its discretion, committed an error of law, or made findings not supported by substantial evidence in the record." *Id.* at 104; *see Robinson v. Board of Trustees of the Maine State Retirement System*, 523 A.2d 1376, 1378 (Me.1987).

■ The Board of Appeals found that the conditions placed on the permit did not delay the effective date of the approval and the Planning Board did intend for Cobbossee to comply with the one year construction commencement deadline. Cobbossee, first, contends that the conditional use permit did not call for construction within one year. We agree with the Board of Appeals that it did.

The Planning Board acted in an administrative capacity and was without power to change the regulations under which it operated. *See Phillips Petroleum Co. v. Zoning Bd. of Appeals*, 260 A.2d 434, 436 (Me.1970); *Boutet v. Planning Bd.*, 253 A.2d 53, 55 (Me.1969). The W.Z.O. § 4.8.4.10 provided: "A ... conditional use

permit secured under the provisions of this Ordinance by vote of the ... Planning Board shall expire if the work or change involved is not commenced within one year of the date on which the ... Conditional Use is authorized, or change is not substantially completed within 2 years." Nothing in the W.Z.O. gave the Planning Board discretion to change this time limit. The Planning Board's decision referred to this section in its approval of Cobbossee's conditional use: "The applicant shall complete the project within three years of the date of this approval, in accordance with § 4.2.5 and 4.8.4.10 of the 1981 ... Winthrop Zoning Ordinance...." The W.Z.O. and the decision clearly indicated that Cobbossee's project was subject to the one year commencement of construction limit.

■ Cobbossee, then, argues that because the Planning Board decision contained numerous conditions to be satisfied before construction commenced, it really was not the approval contemplated by the W.Z.O. to start the one year clock. We disagree. We have said that conditions do not suspend the date of approval or change its nature. *Burr v. Town of Rangeley*, 549 A.2d 733, 734 (Me.1988) (routine conditions did not suspend approval); *Ballard v. City of Westbrook*, 502 A.2d 476, 481 (Me.1985) (nature of approval not changed by section that allows conditions). Even conditions that are not within the applicant's control have been held to be valid and not change the fact of approval. *Gulick v. Board of Envtl. Protection*, 452 A.2d 1202, 1210 (Me.1982) (changes to public street condition of approval). In Winthrop at the relevant time, once the decision was made that a project needs a conditional use permit, as distinguished from a building permit[2], W.Z.O. § 4.8.3.2 provided that "the Planning Board shall hear and approve, approve with modifications or conditions, or disapprove all applications for conditional use permits." After finding that Cobbossee

met the W.Z.O. criteria, the Planning Board said "therefore, the Board *approves* the proposed subdivision and multifamily condominium development with the following conditions." (emphasis added). W.Z.O. § 4.8.4.10, incorporated into the permit, imposed on this conditional use the one year construction commencement deadline. Under the W.Z.O., this Planning Board action was the final approval and the time period for construction began when the decision was rendered, October 6, 1986. The conditions placed on Cobbossee did not delay this effective date.

■ Next, Cobbossee asserts that requiring construction to begin one year from the date of a conditional use approval like the one here at issue, with its numerous conditions precedent to construction, provides a "purely illusory opportunity for developers" and is "unreasonable." This argument is without merit.

The W.Z.O. gave the Planning Board authority to grant approval with conditions. It stated that the Planning Board may impose any conditions it felt would "further the purposes of this ordinance." W.Z.O. § 4.8.5.1. All the conditions imposed on Cobbossee by the Planning Board were within the Board's power, attainable by Cobbossee, and, indeed, necessary to balance the myriad of factors the Board was mandated to consider before approving a conditional use. *See* W.Z.O. § 4.8.3.3. (Factors Applicable to Conditional Use). There was nothing unreasonable about the conditions or the form of this permit.

Likewise, the one year construction limit placed on developers like Cobbossee to satisfy these conditions was not unreasonable. The W.Z.O. put Cobbossee on notice not only of the possible conditions but of the one year limit. Under W.Z.O., conditional use permits were to be granted with care because they affected, and were designed to protect, environmentally sensitive areas. A conditional use should be "either acted

---

**2.** Cobbossee argues that a building permit was never issued. In the context of the W.Z.O., this is an absurd assertion. The scheme of the W.Z.O. makes it clear that an applicant needs to procure either a building permit *or* a conditional use permit. *See, e.g.,* W.Z.O. § 4.2. Indeed,

in an effort to stop the project, opponents tried to argue that Cobbossee should be subject to new ordinance amendments because they did not have a building permit and Cobbossee defended by arguing that a conditional use permit was the equivalent of a building permit.

upon diligently or eliminated" because of the nature of permits to build in areas that require special protection. *Cf. Ballard,* 502 A.2d at 480 (the one year limitation for an extension is by no means unreasonable to ensure that, because of the incentive against nonconforming uses, an approved site plan development, is acted on quickly). The Board of Appeals' interpretation of the ordinance and the Planning Board decision was reasonable and fair.

Finally, Cobbossee argues that the period to commence construction should have been automatically tolled until the quiet title action was finished and while the two appeals that questioned the legality of the project were pending. We do not agree.

■ The quiet title action started *before* the Planning Board's decision and ended on June 8, 1988. Despite the pendency of this action and even though Cobbossee had only a purchase/sale agreement at the time of the application, the Planning Board decided that "the applicant had demonstrated sufficient title, right and interest in the subject property to allow the Board to hear and act...." The relevant condition to construction stated:

> The applicant shall acquire clear title to the property as described in the application and supporting documents and shall submit evidence thereof to the Code Enforcement Officer prior to any construction. All construction activities shall be suspended upon receipt by the applicant of any adverse judgment regarding title to any portion of the property.

This contingency did not contemplate that the quiet title action should be finished before construction but clearly indicated the Town would allow the project to proceed regardless of that pending action. Cobbossee had the opportunity to suggest a stay at that hearing or it could have requested one later. It did neither and it cannot now use this action as a shield to guard against the running of the time limits.

■ Additionally, the pendency of actions challenging the Planning Board's de-

cision directly did not stay the effect of the underlying decision. M.R.Civ.P. 80B states that "except otherwise provided by statute, the filing of a complaint does not stay any action of which review is sought, but the court may order a stay upon such terms as it deems proper." The plain meaning of this rule suggests that an 80B appeal to an agency action does not stay an action automatically. This interpretation is bolstered by the purpose of Rule 80B(b): It gives persons a mechanism to test a government decision but, by imposing time limits to appeal and not automatically staying the action being reviewed, it recognizes the countervailing policy that the administration of government should not be unnecessarily impeded. *See Reed v. Halperin,* 393 A.2d 160, 162 (Me.1978) (80(B)(b) time limits reflect legislative balance between right to review and proper administration of government). A broad reading of the non-stay provision in the rule best reconciles these two policies by not holding government hostage by private parties unless there is some showing made to a court that a stay is proper.

Cobbossee did not ask the Planning Board, the Board of Appeals or the court to stay the construction deadline during any of the pending actions. Contrary to its assertion that it had no authority to request a stay of the time limits because it was not hurt by the Planning Board's original approval, Rule 80B(b) does not limit the persons who can seek a stay to only those aggrieved by the agency action in the first instance but is broad enough to include anyone who will be adversely affected if the administrative decision continues in effect during litigation. These pending appeals did not automatically toll the time limits of the underlying decision. Cobbossee could have protected itself and it did not.

■ The Board of Appeals did not err in deciding that Cobbossee's conditional use permit had expired because the construction deadline had not been met.[3] In con-

**3.** Cobbossee also challenged on appeal the Planning Board's denial of its request to extend the three year completion deadline. The Planning Board's denial was based on the finding that the

templation of this holding, Cobbossee also claims the town should be estopped from enforcing the time limits because: 1) the degree of specificity in the Planning Board's decision led it to believe that the inclusion of a three year *completion* deadline meant that there was no other time deadline; 2) no *person* ever told it it had to commence construction in one year; and 3) although the Town was named as a defendant in the two lawsuits after the approval, it never suggested to the courts involved that the case was moot because the conditional use had expired. A finding of estoppel is not supported by these facts or any

other in the record. *See City of Auburn v. Desgrosseilliers*, 578 A.2d 712, 714 (Me. 1990).

The entry is:

Judgment affirmed.

All concurring.

conditional use permit had expired. Our affirmation of that finding also affirms the Planning Board's decision.