**Robert M. BAILEY**

v.

**TOWN OF KENNEBUNK et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1991.
Decided July 29, 1991.

---

Robert M. Bailey, Harvard, Mass., pro se.

Robert H. Furbish, Smith & Elliott, Saco, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

Plaintiff Robert Bailey appeals from the affirmance in Superior Court (York County, *Fritzsche, J.*) of the decision of the Kennebunk Board of Zoning Appeals that his construction of a deck violated the Town of Kennebunk's zoning ordinance.

 Bailey is a co-owner of a 24,000-square-foot lot on Beach Avenue in the Kennebunk Beach area of Kennebunk. On the lot are two single-family houses. Sometime before October 31, 1989, without obtaining a building permit, Bailey had an exterior deck, 6 by 16 feet in dimensions, built out from the third floor of one of his houses. On October 31, 1989, the Town's code enforcement officer (C.E.O.) issued a notice of violation to Bailey. The notice alleged that he had violated the Town's zoning ordinance by expanding a structure that was itself a grandfathered, nonconforming use in the Town's Resource Protection District. Bailey appealed the notice of violation to the Board of Appeals. After hearing the Board unanimously upheld the C.E.O.'s decision. Pursuant to M.R.Civ.P. 80B, Bailey sought judicial review of the Board's decision. On November 8, 1990, the Superior Court affirmed. Because the Superior Court acted as an intermediate appellate court, we review the decision of the Board directly. *See Driscoll v. Gheewalla,* 441 A.2d 1023, 1026 (Me.1982).

 Bailey's addition of a deck to one of his Kennebunk Beach houses was plainly illegal within the Resource Protection District. Contrary to his contention, the Kennebunk zoning ordinance provides a clear definition of the Resource Protection District. The ordinance describes the boundaries of the Resource Protection District in detail as "those lands within 250 feet ... of the normal high water mark of the Atlantic Ocean, ... if such lands are ... flood plains as defined by the 100 year flood, and as shown on the Flood Insurance Rate Map for the Town of Kennebunk." *See* Kennebunk, Me., Zoning Ordinance art. III, § 2(A) (1988). Based on uncontroverted evidence before it, the Board found that Bailey's property lies within 250 feet of the normal high water mark of the Atlantic Ocean and also is situated in the 100–year flood plain. Therefore, Bailey's lot at Kennebunk Beach is situated within the Resource Protection District. The only permitted structures in the District are "[t]emporary piers, docks, wharves and uses projecting into water bodies." *See* Kennebunk, Me., Zoning Ordinance art. VIII, § 1(B)(5). Since the two residential buildings already on Bailey's lot are nonconforming uses within the Resource Protection District, his building of a deck out from the third floor of one of them necessarily constituted an expansion of a nonconforming use. *See Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 105 (Me.1984). That expansion is expressly prohibited by the Town's zoning ordinance. *See* Kennebunk, Me., Zoning Ordinance art. V, § 4(D).

The entry is:

Judgment affirmed.

All concurring.