STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-066
PAF-YOR - 5/10/0??

PAUL DUMONT and
REBECCA DUMONT,

Plaintiffs

v.

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

MAY 17 ???

TOWN OF NORTH BERWICK,

Defendant

The Dumonts have brought a three count complaint against the Town of North Berwick. Count I is a claim, brought pursuant to Rule 80B, M.R.Civ.P., challenging the decision of the North Berwick Appeals Board to uphold the denial on August 20, 2001 of a requested building permit. Count II is a closely related request for a declaratory judgment that the North Berwick Zoning Ordinance violates the state requirements regarding manufactured housing found at 30-A M.R.S.A. §4358. The final count is an estoppel claim alleging that the Code Enforcement Officer induced the Dumonts to perform improvements on their property in reasonable reliance on his declarations or acts such that the Town should be equitably estopped from preventing the Dumonts from replacing a mobile home on their property. The parties have submitted their written arguments on Count I and the plaintiffs have filed a motion for summary judgment on Counts II and III. All issues have been briefed and argued.

Counts I and II should be considered together. The plaintiffs own land in the Village A Residential District, sometimes called the Village A District, which contained two 14-foot older single wide mobile homes. They decided that they wished to replace the older of two with a newer model. Their request for a permit to bring in a newer mobile home was denied as the Town Ordinance did not permit 14- foot, also referred to as a single wide, mobile homes in the Village A Residential District. That decision was appealed to the North Berwick Appeals Board which denied the appeal. The issues of whether the Appeals Board committed error and whether the Town Ordinance complies with state statutory requirements are so inter-related that they should be decided together.

The first issue is whether 14-foot mobile homes are even prohibited in the Village A Residential District. The Town of North Berwick's Zoning Ordinance, revised April 28, 2001, consists of a bound booklet with a substantial number of pages on white paper. In roughly the middle of the white pages are seven pages, on blue paper, primarily containing a summary of permitted land uses by Districts contained in a table format. The second blue page, page 4-9B, states that single width manufactured housing is not permitted in the Village A District. The plaintiffs argue that the District requirements for the Village A District are contained at page 4-4 of the white pages, section 4.1.6, and do not prohibit their proposed use, that the manufactured housing provisions, at pages 5-29 and 5-30, indicate that single wide manufactured housing is permitted in the Village Districts, see 5.2.12(d) at page 5-30, and that the restrictions found in the blue pages do not apply.

The ordinance must be considered as a whole. The blue pages are clearly part of the ordinance. Reading the white and blue pages together suggests that double wides are permitted in all Village and Residential Districts, single wides are permitted in some, and that single wides are not permitted in the Village Residential District A. *See* the blue pages, at 4-9B, which permit single wides in the Village Center District and the Residential Districts but not in Village A, B or C.

The next issue is whether the Town's ordinance complies with state law found at 30-A M.R.S.A. §4358 as interpreted in a different context by *Bangs v. Town of Wells*, 2000 ME 186, 760 A.2d 632. North Berwick permits single wide newer mobile homes, those constructed after June 15, 1976, to be placed in some but not all districts where residences are permitted. This decision is fully consistent with the statutory requirements.

The state law, 30-A M.R.S.A. 4358, has very precise definitions. Its definition of "manufactured housing" divides manufactured housing into two types. The types include "newer mobile homes", which is what the Dumonts proposed to place on their lot, and "modular homes". *See* 30-A M.R.S.A. 4358(1)(A). Sub-section 2 regulates the location of manufactured housing and reads, in relevant part, as follows:

> Municipalities shall permit manufactured housing to be placed or erected on individual house lots in a number of locations on undeveloped lots where single-family dwellings are allowed, subject to the same requirements as single-family dwellings, except as otherwise provided in this section. A. For the locations required by this section, municipal ordinances may not require that manufactured housing on individual lots be greater than 14 feet in width, although municipalities may establish design criteria, including, but not limited to, a pitched, shingled roof; a permanent foundation; and exterior siding that is residential in appearance, provided that: (1) The requirements do not have the

3

effect of circumventing the purpose of this section; and (2) The design requirements may not be used to prevent the relocation of any manufactured housing, regardless of its date of manufacture, that is legally sited within the municipality as of August 4, 1988. ... E. Notwithstanding any other provision of law, any modular home that meets construction standards for state-certified manufactured homes adopted pursuant to Title 10, section 9042 must be allowed in all zones where other single-family homes are allowed.

By allowing "newer mobile homes" to be placed or erected on individual house lots in a number of locations on undeveloped lots where single-family dwellings are allowed, see blue colored page 4-9B of the Ordinance, the statutory requirements are met. The statute does not say that "manufactured housing" must be allowed in all zones where other single-family homes are allowed. The Legislature stated that "modular homes", a defined term, must be allowed in all zones where other single-family homes are allowed.

The statutory enactment regarding manufactured housing also governs mobile home parks which were the subject of the *Bangs* decision which held that a Wells ordinance violated 30-A M.R.S.A. 4358(3)(M) governing mobile home parks. I am fully aware of the Law Court's statements at *Bangs*, in ¶12, at page 636. It appears that those statements were not necessary to the opinion and that the Law Court was not required to focus on the full definition of "manufactured housing" and its sub-sets in the context of an extensive opinion dealing with the separate issue of mobile home parks.

The North Berwick Zoning Board of Appeals correctly construed its ordinance which complies with state statutory requirements.

The final issues involve Count III, the claim of estoppel. The plaintiffs allege that the Code Enforcement Officer led them along to believe that they would receive

all of the necessary permits and that it would be unjust to not grant those permits given their reasonable detrimental reliance on incorrect advice. This argument fails for three reasons. First, the request for permission to pour a concrete slab, which would be used for the replacement newer mobile home, was approved in a very careful manner by the Code Enforcement Officer. The permit application has a box for "Project Description". In that box the Dumonts described their project as "Concrete Slab 14' x 66'." The Code Enforcement Officer initialed his approval with the notation (ONLY) next to his approval. Second, like the case of *Shackford & Gooch, Inc. v. Town of Kennebunk* 486 A.2d 102, 105-6 (Me. 1984) the reliance of the Dumonts on the Code Enforcement Officer's spoken opinion is not reasonable reliance. These verbal representations, the exact nature of which are disputed, cannot form the basis of "reasonable reliance", which is required, among other requirements, for a successful equitable estoppel claim. Third, the slab was poured the day after the request to replace the mobile home with a newer one was denied.

The entry is:

> Judgment for the defendant on the complaint. Decision of the North Berwick Appeals Board affirmed.

Dated:       May 10, 2002

PLAINTIFF:
SUSAN B DRISCOLL ESQ
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME    04043

Paul A. Fritzsche
Justice, Superior Court

DEFENDANT:
WILLIAM L PLOUFFE ESQ
DRUMMOND WOODSUM & MCMAHON
PO BOX 9781
PORTLAND ME    04104-5081

5