STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-01-019

GEORGE A. COURBRON, JR. and
MARY ANNE COURBRON,
      Plaintiffs

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

NOV 21 2002

TOWN OF GREENE,
      Defendant

On December 29, 2000, George Courbron Jr. filed an application for change of use with the Town of Greene. (R.4.) In that application, Courbron requested that he be allowed to relocate his surveying and land use consulting business to his residence in Greene's Shoreland Zoning District. On or about January 21, 2001, Courbron met with Greene's Code Enforcement Officer (CEO), William Parquette, to review the application. At the end of that meeting, Parquette told Courbron that the application would be approved. Courbron proceeded to make the alterations necessary to create a space for the business in his residence.

At some point after the alterations were complete, Courbron returned to the Town Office to obtain a copy of the approval of his application. By that time, Parquette was no longer the Town's CEO. The new CEO, James Neagle, was unable to find a file containing the application, and found no record that the application had been approved. Neagle refused to grant approval.

Courbron then sought out Parquette, who wrote him a letter on March 27, 2001 stating:

> This will confirm the fact that your application dated December 5, 2000, requesting a change of use of an eight hundred and fifty square foot [] area of the first floor of your home in order to locate your land use consulting business known as Surveyworks, Inc., was approved by me in

my capacity as Code Enforcement Officer for the Town of Greene, Maine, on January 17, 2001.

Your request required Code Enforcement Officer Site Plan Review and such review showed compliance with Sections 6.101.2(A), 6-102.1(A)(B), 6-501 and 6-601, of the Town of Greene land use Ordinance adopted March 4, 2000.

(R.6.)

In a letter dated May 25, 2001, CEO Neagle notified Courbron that the "town office has become aware that you have moved your business . . . into your home. " He also wrote that this was in violation of the ordinance, and that Courbron had seven days to contact him before he turned the matter over to the Selectmen for legal action. (R.7.) On June 13, 2001, Courbron filed a "Variance or Appeal, Request for Hearing" with the Board of Appeals. In that document, Courbron stated that he was appealing the CEO's determination that he was in violation of the Ordinance. (R.8.)

A hearing was held on Courbron's appeal on August 14, 2001. During the hearing, Parquette stated that he had not realized that the Ordinance required him to issue a written decision. He also said that, if he had known a written decision was required, he would have issued one. At the conclusion of that hearing, the Board announced it would make a decision on August 16, 2001, went into executive session for approximately 15 minutes, and then adjourned.

On August 16, 2001, the Board denied Courbron's appeal, finding that commercial uses were not allowed in the Shoreland Zone, and that Parquette's oral statement did not constitute the formal approval required by the Ordinance. Courbron filed this timely appeal to the Superior Court. After some delay for purposes of investigating a possible need for trial of the facts, the matter was briefed, and then argued on November 12, 2002.

The record and the various memoranda filed by the parties have been reviewed by the court to determine whether the Board erred as a matter of law, abused its discretion, or made a factual finding not supported by substantial evidence in the record. The transcripts of depositions taken while Courbron was attempting to pursue a trial of the facts have not been reviewed.

DISCUSSION

In his application, Courbron stated that he was requesting permission to allow a commercial use on his property. It is undisputed that Courbron's property lies within an area where commercial uses are banned by both the Land Use Ordinance (LUO) and by the Shoreland Zoning Ordinance (SZO).[1] (R.2, p.12.) In addition, any use or change of use in that district requires the issuance of a permit. Sections 4-101(F) and 6-102.1(B)(6) of the LUO and Section 16(D) of the SZO require that such permits be issued in writing. It is undisputed that no written permit was issued by Parquette while he was employed by the Town as its CEO.

Courbron has asserted, however, that Parquette's oral statement to him was a valid authorization of his application. That argument is not persuasive. Both of the operative ordinances unambiguously mandate the issuance of written permits or written denials of the permit. The letter written by Parquette, after he was no longer employed by the Town of Greene, cannot be considered a valid exercise of authority.

Courbron has also argued that the CEO's oral statement estops the Town from seeking to enforce its Ordinance. The Law Court has addressed the issue of equitable estoppel as it applies to land use issues in multiple decisions. *See, e.g., Town of Union v. Strong,* 681 A.2d 14 (Me. 1996); *H.E. Sargent v. Town of Wells,* 676 A.2d 920 (Me. 1996); *F.S. Plummer Co., Inc. v. Town of Cape Elizabeth,* 612 A.2d 856 (Me. 1992); *City of Auburn v.*

---

[1] Home occupations may be allowed, but only with the approval of the Planning Board.

*Desgroseilliers*, 578 A.2d 712 (Me. 1990); and *Shackford and Gooch v. Town of Kennebunk*, 486 A.2d 102 (Me. 1989). To establish equitable estoppel, the party claiming reliance upon a declaration or act of the Town must establish that the reliance was reasonable. *F.S. Plummer Co.*, 612 A.2d at 860. The Court has held that reliance upon the unauthorized act of a municipal officer is not reasonable, and that the act cannot be grounds for estopping a municipality from enforcing its ordinance. *Shackford, supra.* In *Shackford*, the Court considered a code enforcement officer's oral representations authorizing the building of a deck without a permit:

> The only element of estoppel at issue is the reasonableness of Dockside's reliance. The zoning ordinance does not authorize the building inspector to issue a permit without a written application. The ordinance also provides:
>
>> No building, sign, or other structure shall be erected, altered, moved or demolished in Kennebunk without a written permit issued by the Building Inspector.
>
> Kennebunk, Me., Zoning Ordinance §7.1(A). Under the ordinance, the building inspector can either issue a written permit or deny a permit application. We do not consider Dockside's reliance on the inspector's spoken permission to build a deck to be reasonable reliance. Moreover, the unauthorized act of a municipal officer cannot be grounds for estopping the municipality. *See Lewiston v. Grant*, 120 Me. 194, 202, 113 A. 181, 185 (1921). The improper verbal representations of the building inspector do not estop the Zoning Board of Appeals from enforcing violations of the provisions of the zoning ordinance.

*Shackford.*, 486 A.2d at 106.

As discussed above, the Greene Ordinance also requires written permits. Both the LUO and the SZO unambiguously prohibit commercial uses in the zone where Courbron built his house. Parquette's oral representation was patently insufficient and improper, and Courbron's reliance upon it was not reasonable.

Finally, Courbron has asserted that the Board deliberated on the merits of his appeal during an executive session, in violation of Maine's Freedom of Access Act.

4

Because this claim was not made within thirty (30) days after the August 14, 2001 executive session, it is not timely and may not be considered. Courbron did not file this appeal until October 1, 2001. M.R. Civ. P. 80B.

ORDER

For the reasons stated above, the decision of the Board of Appeals is affirmed. Courbron's appeal is denied.

So ordered.

The clerk is instructed to incorporate this order by reference in the docket for this case.

DATED: November 19, 2002

_____
Ellen A. Gorman
Justice, Maine Superior Court

Date Filed __October 1, 2001__ ___ANDROSCOGGIN___ Docket No. __AP-01-19__
                                        County

Action __80B APPEAL__

GEORGE A. COURBRON, JR., and          INHABITANTS OF THE TOWN OF GREENE
MARY ANNE COURBRON
Greene, Maine

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Bryan M. Dench, Esq.          BAR #1005<br>SKELTON, TAINTOR & ABBOTT<br>95 Main St., P.O. Box 3200<br>Auburn, ME 04212-3200 | Lee K. Bragg, Esq. BAR #543<br>Gregory M. Cunningham, Esq. BAR #7718<br>BERNSTEIN, SHUR, SAWYER & NELSON, P.A.<br>146 Capitol St., P.O. Box 5057<br>Augusta, ME. 04330 |

| Date of Entry | |
|---|---|
| 2001<br>Oct. 2: | Received 10-1-01.<br>Filing fee paid. ($100.00) Rec. #10-1-01 #16.<br>Summary Sheet, filed.<br>Complaint, Rule 80B M.R.Civ.P., filed.<br>Copy of unserved summons, filed. |
| " " | On 10-2-01.<br>Notice and Briefing Schedule 80B Appeal of Governmental Actions mailed<br>Bryan M. Dench, Esq. and Steven Eldridge, Town Manager for Town of Greene,<br>on 10-2-01. (Plaintiff's brief is due on or before November 10, 2001.) |
| " " | Received 10-2-01.<br>Summons filed showing officer's return of service on 9-28-01 upon Defendant<br>Inhabitants of the Town of Greene through Town Manager, Stephen Eldridge. |
| Oct. 18: | Received 10-18-01.<br>Appearance, filed.<br>Gregory M. Cunningham, Esq. and Lee K. Bragg, Esq. appear for Defendant. |
| Oct. 23: | Received 10-23-01.<br>Plaintiff's Notification of Discovery Service, filed.<br>Notice to Take Oral Deposition of Gary Buzzell including Notice to Produce,<br>M.R.C.P.30; Notice to Take Oral Deposition of Michael Brousseau including<br>Notice to Produce, M.R.C.P.30; and Notice to Take Oral Deposition of Michael<br>Webber including Notice to Produce, M.R.C.P.30 served on Lee K. Bragg, Esq. on<br>October 22, 2001. |
| Oct. 31: | Received 10-23-01.<br>Plaintiffs' Motion for Trial of Facts Pursuant to ME.R.Civ.P. 80B(d) with<br>Incorporating a Memorandum of Law in Support Thereof, with attached Order,<br>filed. |
| Nov. 6: | Received 11-6-01.<br>Plaintiff's Notification of Discovery Service, filed.<br>Notice to Take Oral Deposition and Subpoena of Gary Buzzell including Notice<br>to Produce, M.R.C.P. 30; Notice to Take Oral Deposition and Subpoena of |